STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-277

STATE OF LOUISIANA

VERSUS

FELTON COFIELD BEY

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 9594-99
HONORABLE DAVID KENT SAVOIE, DISTRICT COURT JUDGE

**********

**ULYSSES GENE THIBODEAUX**
**JUDGE**
**********

Court composed of Ulysses Gene Thibodeaux, Sylvia R. Cooks, and Billy Howard
Ezell, Judges.

**EZELL, J., CONCURS AND ASSIGNS WRITTEN REASONS.**

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

**Robert Richard Bryant  Jr.**
**District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602**
**Telephone:  (337) 437-3400**
**COUNSEL FOR:**
        **Plaintiff/Appellee - State of Louisiana**

**Carla Sue Sigler Esq.**
**Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602**
**Telephone:  (337) 437-3400**
**COUNSEL FOR:**
        **Plaintiff/Appellee - State of Louisiana**
**Kenota Pulliam Johnson**

**La. Appellate Project**
**9963 Trailridge Dr.**
**Shreveport, LA 71106**
**Telephone:  (318) 524-1024**
**COUNSEL FOR:**
     **Defendant/Appellant - Felton Cofield Bey**

THIBODEAUX, Judge.

The Defendant, Felton Cofield Bey, appeals his conviction by a jury of molestation of a juvenile, a violation of La.R.S. 14:81.2, on the basis of insufficiency of the evidence and his sentence of eight years at hard labor, with four years suspended, on the basis of excessiveness.

We reject both contentions and affirm his conviction and sentence.

## FACTS

The Defendant was dating V.M., the mother of the victim.[1] He visited her residence while V.M. was at work and enticed J.M. into her mother's bedroom. Once inside the room, the Defendant began "tongue kissing" J.M. and rubbing her breast and vaginal areas. J.M. testified that he implored her to avoid writing about his actions in her diary as this would implicate him. Part of the incident was witnessed by L.M., J.M.'s sister. J.M. also told her what had happened. L.M. promptly telephoned their mother.

The Defendant denied touching J.M. in any manner.

## SUFFICIENCY OF THE EVIDENCE

The Defendant contends the evidence presented at trial was insufficient to support the conviction of molestation of a juvenile. The Defendant specifically contends that he did not molest the victim and the testimony at trial was hearsay and inconsistent.

In reviewing sufficiency claims, this court has made the following observations:

---

[1]The victim, J.M., is a minor. Accordingly, her initials and those of her family members will be used in accordance with La.R.S. 46:1844(W).

When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino* [*v. King*], 436 So.2d 559 [La.1983], (citing *State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

*State v. Paddio*, 2002-722, p. 2 (La.App. 3 Cir. 12/11/02); 832 So.2d 1120, 1123.

When circumstantial evidence is used to prove the commission of the offense, La.R.S. 15:438 mandates that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." This is not a purely separate test from the *Jackson* sufficiency standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis of the conviction. Ultimately, all evidence, both direct and circumstantial must be sufficient under *Jackson* to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt.

*State v. Rosiere*, 488 So.2d 965, 968 (La.1986).

*State v. Oxley*, 00-1523, p. 2 (La.App. 3 Cir. 5/16/01); 802 So.2d 35, 37.

The Defendant was convicted of molestation of a juvenile, a violation of

La.R.S. 14:81.2.

To convict a defendant of molestation of a juvenile, the state must prove: (1) the defendant is a person over the age of 17; (2) the victim is a person under the age of 17; (3)

2

there is an age difference of at least two years between the persons; (4) the defendant committed a lewd or lascivious act upon the person or in the presence of the victim; (5) the defendant committed such act with the intention of arousing or gratifying the sexual desires of either the defendant or the victim; and (6) the defendant committed the act either by the use of (a) force, violence, duress, menace, psychological intimidation, or threat of great bodily harm, or (b) influence by virtue of a position of control or supervision over the victim. (Citations omitted).

State v. Mickens, 31,737, p. 3 (La.App. 2 Cir. 3/31/99); 731 So.2d 463, 466.

### *Age*

J.M. testified that she was twelve years old on November 15, 1998. The Defendant testified that his oldest child was thirty-five. Obviously, the Defendant exceeds the age of seventeen. Thus, there is an age difference of at least two years between the Defendant and J.M.

### *Lewd or Lascivious Act*

The trial court chose to believe the testimony of J.M. regarding the specific acts of the Defendant. He denied those acts. The trier of fact made a credibility determination which we shall not disturb.

### *Intention of Arousing or Gratifying Sexual Desires*

Quite simply, the acts of intrusion under the shirt and bra and touching of the breasts and vaginal area were sufficient to prove the essential element of specific intent to arouse or gratify sexual desire.

### *Supervision*

The record is replete with evidence supporting the acts of Defendant in babysitting the minor children of V.M., assigning chores to them, and disciplining them. L.M. described Defendant as "pretty much of a father figure." Indeed, the

Defendant specifically testified he was in control of everyone in the victim's house on November 15, 1998 and the minors were under his supervision.

The Defendant forcefully contends that the inconsistent testimonies of J.M. and L.M. bolsters his position that the evidence is too insufficient to warrant a conviction. We disagree. Only one of the alleged inconsistencies deals with the actions of the Defendant in molesting J.M. That inconsistency is the difference in the testimony of J.M. and L.M. regarding the actions of the Defendant. However, J.M.'s testimony concerning the Defendant's actions was corroborated by the testimony of V.M., her mother. All other inconsistencies do not affect the conclusion that the Defendant molested J.M.

The Defendant further attempts to discredit J.M. and L.M. by asserting that they concocted the molestation charge to remove him from their lives. Moreover, L.M.'s and J.M.'s accusations were vindictive because he, the Defendant, had punished J.M. for stealing candy on November 13, 1998. Again, the trier of fact made credibility determinations. We shall not disturb such determinations.

**EXCESSIVE SENTENCE**

In his second assignment of error, the Defendant contends the trial court imposed an excessive and unconstitutional sentence in light of the lack of specific facts and in the circumstances of this case. In his third assignment of error, the Defendant contends the sentencing judge erred in failing to satisfactorily comply with the requirements of Article 894.1 of the Louisiana Code of Criminal Procedure in sentencing the appellant. In his fourth assignment of error, the Defendant contends the trial court erred in denying his Motion to Reconsider Sentence. Inasmuch as these three assignments of error concern the Defendant's sentence, they will be addressed together.

In *State v. Walker*, 96-112 (La.App. 3 Cir. 6/5/96); 677 So.2d 532, *writ denied*, 96-1767 (La. 12/06/96); 684 So.2d 924, this court held:

> Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. *State v. Sepulvado*, 367 So.2d 762 (La.1979); *State v. Naquin*, 527 So.2d 601 (La.App. 3 Cir. 1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981); *State v. Everett*, 530 So.2d 615 (La.App. 3 Cir. 1988), *writ denied*, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. *State v. Howard*, 414 So.2d 1210, 1217 (La.1982).

*Id.* at pp. 3-4, 534-35.

> With respect to the issue of compliance with La.Code Crim.P. art. 894.1, this court stated in *State v. Anderson*, 95-1688, p. 4 (La.App. 3 Cir. 5/8/96); 677 So.2d 480, 483:
>
> > The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La.Code Crim.P. art. 894.1; *State v. Klause*, 525 So.2d 1076 (La.App. 3 Cir. 1988). Paragraph C of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The sentencing court need not articulate every circumstance or read through a checklist of items to comply with the requirements of La.Code Crim.P. art. 894.1. *State v. Pontiff*, 604 So.2d 71 (La.App. 3 Cir. 1992). However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. *State v. Smith*, 433 So.2d 688 (La.1983).

> If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for resentencing. *State v. Cottingin*, 476 So.2d 1184 (La.App. 3 Cir. 1985), *appeal after remand*, 496 So.2d 1379 (La.App. 3 Cir. 1986); *State v. Morgan*, 428 So.2d 1215 (La.App. 3 Cir. 1983), *writ denied*, 433 So.2d 166 (La.1983); See also, *Smith*, 433 So.2d 688 and *State v. Stein*, 611 So.2d 800 (La.App. 3 Cir. 1992). Even though art. 894.1 has undergone several major revisions, the reasoning used in these cases is still applicable.

State v. Iron, 2000-1238, p. 10 (La.App. 3 Cir. 2/15/01); 780 So.2d 1123, 1128, *writ denied*, 2001-1232 (La. 3/15/02); 811 So.2d 898, *reconsideration denied*, 2001-1232 (La. 6/7/02); 817 So.2d 1142.

As stated in *State v. Cottingin*, 476 So.2d 1184 (La.App. 3 Cir. 1985),

*appeal after remand*, 496 So.2d 1379 (La.App. 3 Cir. 1986):

> There are two underlying purposes of the codal requirement that the sentencing court articulate the specific reasons based on particular facts and considerations for imposing a sentence. First, it ensures that the sentence is particularized to the defendant. *State v. Murdock*, 416 So.2d 103 (La.1983). In addition, it aids the reviewing court in the determination of whether the sentence imposed is excessive by providing an actual indication of whether the sentencing court adequately considered the statutory guidelines. *State v. Murdock*, *supra*; *State v. Forshee*, 395 So.2d 742 (La.1981); *State v. Perry*, *supra*.

*Id*. at 1186.

The Defendant contends the court failed to give adequate consideration to the mitigating factors in this case including the fact that the Defendant is a husband, his wife was pregnant, he was a church goer, and an active and positive influence in the community. The Defendant also contends that the sentence imposed in this case was not justified and not tailored to this Defendant for this particular crime.

6

The Defendant was sentenced to eight years in the custody of the Louisiana Department of Corrections; however, four years of the sentence was suspended and, upon the Defendant's release from incarceration, he was ordered placed on supervised probation for a period of five years.

The Defendant spoke at sentencing asserting he did nothing wrong and did not touch any of V.M.'s children "in any immoral fashion at all.

The judge made the following comments at sentencing:

And I think [the jury] judged your credibility to be someone that they could not believe, --

\* \* \*

-- based on several of the things that happened during the course of that trial.

\* \* \*

You still to this day deny that you had any involvement at all and you did anything wrong, and that was the position you took during the course of your trial. And the jury, you know, just basically threw that away. They didn't think that you were telling the truth. They didn't believe anything that you said because of several conflicting things and other people coming to court who they believed contrary to what you said. Okay.

\* \* \*

And then I get the pre-sentence report and it shows that when -- I don't know, in the '70s or something like that, you impregnated your 12-year old stepdaughter. This child was about the same age as this child, okay. You got a heck of a break out of that deal, you served some time on probation, and then you had it wiped off your record, but you hid that from us, you didn't talk about that at all during the course of your trial . . . .

The Defendant responded as follows:

Through that time period, I was a practicing alcoholic, so I did a lot of blackouts. I had no knowledge of anything that I had done improper.

\* \* \*

7

After about a year or so one of the young men in the community came to me and said to me, do you know that that child is not yours? I took that information to the probation department, to my probation officer.

\* \* \*

[H]e said the best thing to do is leave it alone. So I went through that, served that probation. In 1989 that then young woman and her sister came to my house and she . . . told me that she was wrong for accusing me of something that I didn't do . . . .

When questioned regarding whether or not he had sexual intercourse with his stepdaughter, the Defendant denied the allegations.

The judge then made the following comments:

In explaining this, the offender says that he -- that had sex with his 12-year old stepdaughter and was convicted. Now, it seems to me that if you had an explanation like you have given this court an explanation, you would have told your probation officer at that time that that's what had happened. It seems to me that when you were asked questions similar to this question during the course of the trial, you would have made an effort to try to explain that.

\* \* \*

The Court has reviewed the pre-sentence report, heard statements of the victims' (sic) mother, looked at the supplement to the pre-sentence report, listened to the explanation of the defendant. I'm satisfied that during -- there's an undue risk that during any period of a suspended sentence the defendant will commit another crime and he's in need of correctional treatment or custodial environment that can be provided most effectively by commitment to an institution, and a lesser sentence would depreciate the seriousness of your crime.

\* \* \*

It's also clear to me that you knew or should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to her youth, and by your own admission at trial, you used your position and status to facilitate the commission of the offense. I do not find hardly anything mitigating.

8

The judge then sentenced the Defendant.

After the judge sentenced the Defendant, the Defendant informed the court that his wife was pregnant, his mother was having strokes regularly and he was her caretaker, he was about to lose his house, he was chairman of the district Alcoholics Anonymous, and had recently started a Cocaine Anonymous in the area.

The judge responded to the Defendant's comments as follows:

> The Legislature saw fit to say that you could get up to -- not less than one year nor more than 10 years. I didn't give you the maximum time. I didn't give you the minimum time, either, because I feel like that this is a situation that you knew, you had gotten yourself into before.
>
> &ast;     &ast;     &ast;
>
> I'm sorry that it creates a hardship for you, it creates a hardship for your family, but I didn't bring that hardship on your family; you brought that hardship on your family.

After these statements, the State informed the judge that the maximum sentence applicable in this case was fifteen years. The judge then stated that he did not think the Defendant had been "specifically charged with something like that." The State contended the Defendant was charged under the supervision provision of La.R.S. 14:81.2 because the bill had been amended. The judge then made the following comments:

> There was testimony to that effect, but I'm not treating it in that fashion. Potentially you could have been subjected to 15 years. I'm treating it as if your maximum would be 10 years. Mr. Kimball thinks I ought to treat it the other way, but I'm giving you the benefit of the doubt.

The Defendant then informed the judge that he had to have surgery on his back due to spinal compression.

The Defendant filed a Motion to Reconsider Sentence on May 12, 2002, asserting the following: "Defendant submits that the sentence imposed is unduly harsh and places a severe burden on himself and his family. Furthermore, the sentence

9

imposed in this matter creates an emotional and financial hardship upon Mr. Cofield-Bey's wife." The motion was denied.

An Amended Motion to Reconsider Sentence was filed on May 12, 2002. The motion alleged that prior to sentencing, the Defendant was evaluated by Dr. Aretta Rathmal and he intended to submit her findings at sentencing. However, Dr. Rathmal could not locate the Defendant's file until after sentencing. The Defendant contended the evaluation would serve as a mitigating factor at sentencing.

A hearing was held on Defendant's Amended Motion to Reconsider Sentence on May 31, 2002. The judge considered Dr. Rathmal's report stating the Defendant was basically normal and had no problems that would require the Court to treat him differently. The judge then stated that if he had had the report on April 19, 2002, the date of sentencing, it would not have made any difference in the sentence imposed. The judge then noted that the fact that the Defendant's wife was pregnant did not change anything. The judge denied the motion.

At sentencing, the judge noted he considered the pre-sentence investigation report (PSI), the supplement to the PSI, the testimony of the victim's mother, and the Defendant's statements. The judge also considered several factors set forth in La.Code Crim.P. art. 894.1 before sentencing the Defendant. Although the trial court did not articulate every factor set forth in Article 894.1, the record clearly reflects the judge adequately considered those factors. Also, there is no requirement that specific mitigating factors be given any particular weight by the sentencing court. *State v. Dunn*, 30-767, p. 2 (La.App. 2 Cir. 6/24/98); 715 So.2d 641, 643.

The bill of indictment was amended to reflect "or by use of influence by virtue of a position of control or supervision over the juvenile" on June 25, 2001. The trial court sentenced the Defendant based on a maximum penalty of ten years. Inasmuch as the bill of indictment was amended to add the portion of La.R.S. 14:81.2

10

pertaining to supervision over the juvenile, we will review the Defendant's sentence under La.R.S. 14:81.2(C).

Louisiana Revised Statutes 14:81.2 provides, in pertinent part:

> C.  Whoever commits the crime of molestation of a juvenile when the offender has control or supervision over the juvenile shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than one nor more than fifteen years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with Code of Criminal Procedure Article 893.

For this conviction of molestation of a juvenile over whom he had control or supervision, the Defendant was exposed to a maximum sentence of fifteen years at hard labor and a maximum fine of ten thousand dollars.  The Defendant received a sentence of eight years at hard labor, with four years suspended, and upon release will be placed on supervised probation for five years.  However, no fine was imposed.  The PSI indicates the Defendant is a first felony offender.  However, in California in 1976, the Defendant plead guilty to a misdemeanor wherein it was alleged that he had sexual intercourse with and impregnated his twelve-year old stepdaughter.[2]  Considering the circumstances of this offense and the reasons for sentencing given by the trial court, we find no abuse of discretion in the sentence imposed.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record.  After reviewing the record, we find three errors patent.

The first error concerns a condition of probation not imposed upon the Defendant.  Louisiana Code of Criminal Procedure Article 895 requires the court,

---

[2]The PSI indicates the original charge was reduced to a misdemeanor and after sixty months on probation, the conviction was set aside and dismissed.

11

when placing a defendant on probation, to pay a supervision fee.  When remanding a case for imposition of a supervision fee as a condition of probation, this court has stated:

> The defendant's sentence does not necessarily have to be vacated if the trial court decides to set the minimum monthly supervision fee. *See State v. Harris*, 93-1098 (La. 1/5/96); 665 So.2d 1164.  In *Harris*, the Louisiana Supreme Court remanded the case and gave the trial court the option of amending the court minutes to reflect the change in sentence without bringing the inmate to court. The court stated that the district judge retains the discretion to vacate the sentence originally imposed and to resentence the inmate in open court.  *Harris* allowed ministerial corrections of the record in instances where the trial court failed to impose special restrictions required by law. However, the trial court has some discretion in setting the probation supervision fee, as it can impose a fee between twenty and one hundred dollars per month.  Therefore, if the trial court opts to assess the minimum fee required by law, it can correct the sentence in accordance with the procedures set forth in *Harris*.  However, if the trial court wishes to set a higher fee, the trial court should vacate defendant's sentence and resentence him in open court. Therefore, although we affirm the defendant's conviction, we must remand the case to the trial court with instructions to set a monthly probation supervision fee to be paid in accordance with article 895.1(C).

*State v. Iles*, 96-256 (La.App. 3 Cir. 11/6/96); 684 So.2d 38 at 40-41.

Likewise, we remand for the trial court to impose and set the amount of a supervision fee.  If the trial court sets the amount at the minimum fee, the trial court can correct the sentence by following the procedures set forth in *Harris*.  If, however, the trial court wishes to set a higher fee, the sentence must be vacated and the Defendant resentenced in open court.

The second error patent also concerns the sentence imposed upon the Defendant.  In imposing sentence, the judge stated:

THE COURT:

> . . . I'm going to sentence you to serve a term of eight years with the Department of Corrections, and I'm going to suspend four years; put you on supervised probation upon your release from jail, for a period of five years.  The

12

defendant is not eligible to have the conviction set aside or the prosecution dismissed in accordance with provisions of Code of Criminal Procedure Article 893, and suggest that the condition of parole shall include treatment in a qualified sex offender program for a minimum of five years, or until expiration of the sentence, whichever comes first, in accordance with Louisiana Revised Statutes Section 14:81.2(d)(2). . . .

\*      \*      \*

. . . There's other conditions of parole as well that include that you not be in the presence of any child without another responsible adult around.

It appears the first condition of parole was suggested, not actually imposed. The second condition, however, appears to have been imposed as a condition of parole. Even though this condition of parole is applicable in some situations, the sentencing judge in this case had no authority to impose it.[3] "Even if physically released on parole, the individual remains in the legal custody of the state until release from parole. The trial court has no authority with regard to this phase of the sentence and can impose no condition on the parole responsibilities of the parolee. [Citation omitted]." *State v. Bradley*, 1999-364, p. 6 (La.App. 3 Cir. 11/3/99); 746 So.2d 263, 267. Thus, we vacate the trial court's order imposing the condition of parole concerning the Defendant's contact with children.

Finally, the Defendant was not informed of the prescriptive period for filing post-conviction relief as is required by La.Code Crim.P. art. 930.8. Thus, the district court is directed to inform the Defendant of the provisions of Article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of the proceedings. *See State v. Fontenot*, 616 So.2d 1353, 1359 (La.App. 3 Cir.), *writ denied*, 623 So.2d 1334 (La.1993).

---

[3]The conditions of parole listed in La.R.S. 14:81.2(D)(2) are applicable in situations where the molestation has recurred during a period of more than one year. This case involved only one incident of molestation.

**CONCLUSION**

The Defendant's conviction and sentence are affirmed. However, we vacate the trial court's order imposing the condition of parole concerning the Defendant's contact with children. Additionally, the case is remanded for the trial court to impose and set the amount of a probation supervision fee. If the trial court sets the amount at the minimum fee, the trial court can correct the sentence by following the procedures set forth in *Harris*. If, however, the trial court wishes to set a higher fee, the sentence must be vacated and the Defendant resentenced in open court. Finally, the district court is directed to inform the Defendant of the provisions of Article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of the proceedings.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

STATE OF LOUISIANA

VERSUS

FELTON COFIELD BEY

**EZELL, J**., concurring.

It appears to me that the legislature has again failed to protect the public from those that would molest children. La.R.S. 14:81.2 D(1) addresses only those crimes that recur during a period of more than one year. This does not help those children that may be the victim of someone who is not brought to the attention of the authorities until after a year of a repeat or second molestation has occurred.

I agree with the trial judges attempt to protect the public by ordering a convicted molester, if placed on parole not to be allowed to be alone with a child without the supervision of another adult. One molested child is one to many. I concur only because the law is as the legislature drafts it, not as I would prefer it be drafted.