# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1478

STATE OF LOUISIANA

VERSUS

ROBERT AUGUST

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. CR00-205
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED IN PART, VACATED IN PART,
AND REMANDED WITH INSTRUCTIONS.**

**Honorable J. Phillip Haney**
**District Attorney**
**16th Judicial District Court**
**300 Iberia Street, Suite 200**
**New Iberia, LA   70560**
**(337) 369-4420**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Walter J. Senette, Jr.**
**Assistant District Attorney**
**Post Office Box 1008**
**Franklin, LA   70538**
**(337) 828-4100**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Kenota Pulliam Johnson**
**Louisiana Appellate Project**
**Post Office Box 5781**
**Shreveport, LA   71135**
**(318) 524-1024**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Robert August**

**Robert August**
**Avoyelles Correctional Center**
**1630 Prison Road / C3-B1**
**Cottonport, LA   71327**

AMY, Judge.

The defendant was convicted of possession of more than two hundred but less than four hundred grams of cocaine and of receiving or acquiring proceeds derived from illegal drug transactions. He was sentenced to concurrent terms of thirty years at hard labor without benefits for the possession conviction and ten years at hard labor for the proceeds conviction. The defendant appeals his sentences. For the following reasons, we vacate the sentence on the possession conviction and remand for resentencing, and we affirm, in part, the sentence on the proceeds conviction and remand with instructions.

## Factual and Procedural Background

According to the record of the proceedings below, during the early afternoon of January 19, 2000, Sergeants Kevin Judice and Darren Denise of the Iberia Parish Sheriff's Office, Narcotics Division, stopped a Toyota Supra driven by Robert August, the defendant herein, for having a switched license plate. Sgt. Judice testified at trial that other narcotics agents on duty had run the license plate on the vehicle and had discovered that its license plate was actually supposed to be on a 1993 Firebird.

Sgt. Judice testified that the defendant was unable to produce a driver's license upon request; moreover, the defendant, whom Sgt. Judice described as "extremely nervous," would not tell the officers to whom the vehicle belonged or where he was going, simply explaining that he was doing something for a friend. He noted that the defendant was the sole occupant of the vehicle.

Sgt. Judice testified that he ran the VIN number on the car and determined that it had not been stolen. He explained that because the defendant didn't have a driver's license and because the plates had been switched, the Supra was impounded. He recalled at trial that almost immediately after beginning an inventory search of the

vehicle, Sgt. Denise discovered a yellow "Super 1" bag on the floor of the driver's side of the car that contained suspected cookies of crack cocaine. Officers also found a match box containing a razor blade and a rock of suspected crack cocaine. Sgt. Judice testified that a search of the defendant's person yielded $650 US currency. It was later determined that the cookies were, in fact, crack cocaine, collectively weighing 222 grams.

Lieutenant Todd D'Albor, Chief of the Iberia Parish Sheriff's Office Narcotics Division, testified that after the defendant was transferred to the Criminal Investigations Division, and after he voluntarily waived his Miranda rights, the defendant agreed to an interview. The record indicates that this interview was videotaped and that the tape was shown to the jury during trial.

Lt. D'Albor testified that, according to the defendant, he and another individual had gone to Houston, Texas, where they had picked up twelve ounces of crack cocaine. The defendant, who was entrusted with the cocaine, took a bus from Houston to Lafayette and then from Lafayette to New Iberia. The defendant told Lt. D'Albor that upon returning to New Iberia, he went to his apartment before setting out for Jeanerette, and that he was on his way to Jeanerette when he was stopped by Sgts. Judice and Denise. Lt. D'Albor opined that the defendant was acting as a "mule" when he was caught, noting that the amount of cocaine found in the defendant's car had a street value of approximately $24,000.

Lt. D'Albor observed that the $650 recovered from the defendant was organized in what is known as a "quick count" arrangement, which is consistent with dealing. He stated that on January 20, 2000, the day after the defendant's arrest, the defendant again waived his Miranda rights and spoke to him about the $650. Lt. D'Albor testified that he asked the defendant if the money was legitimate, to which the

2

defendant replied in the negative. He then presented the defendant with a disclaimer

of currency form, which the defendant signed.

The matter proceeded to trial on Monday, June 25, 2001. Although he was

present in court on Friday, June 22, 2001, when the jury was impaneled, the

defendant, who had been released from custody[1], was not present in court for any

---

[1]According to the defendant's motion, he was arrested and taken into custody on January 19, 2000. His attorney filed a motion for speedy trial on February 18, 2000. On July 14, 2000, the defendant's attorney filed a motion for release pursuant to La.Code Crim.P. art. 701(a)(2). It is unclear which section of the Article was relied upon by defense counsel in that Article 701 does not contain a subsection (a)(2). Nonetheless, the motion was granted following a video hearing on July 25, 2000. Louisiana Code of Criminal Procedure Article 701 provides that

> A. The state and the defendant have the right to a speedy trial.
> B. The time period for filing a bill of information or indictment after arrest shall be as follows:
> (1) When the defendant is continued in custody subsequent to an arrest, an indictment or information shall be filed within forty-five days of the arrest if the defendant is being held for a misdemeanor and within sixty days of the arrest if the defendant is being held for a felony.
> (2) When the defendant is not continued in custody subsequent to arrest, an indictment or information shall be filed within ninety days of the arrest if the defendant is booked with a misdemeanor and one hundred fifty days of the arrest if the defendant is booked with a felony.
> Failure to institute prosecution as provided in Subparagraph (1) shall result in release of the defendant if, after contradictory hearing with the district attorney, just cause for the failure is not shown. If just cause is shown, the court shall reconsider bail for the defendant. Failure to institute prosecution as provided in Subparagraph (2) shall result in the release of the bail obligation if, after contradictory hearing with the district attorney, just cause for the delay is not shown.
> C. Upon filing of a bill of information or indictment, the district attorney shall set the matter for arraignment within thirty days unless just cause for a longer delay is shown.
> D. (1) A motion by the defendant for a speedy trial, in order to be valid, must be accompanied by an affidavit by defendant's counsel certifying that the defendant and his counsel are prepared to proceed to trial within the delays set forth in this Article. After the filing of a motion for a speedy trial by the defendant and his counsel the time period for commencement of trial shall be as follows:
> (a) The trial of a defendant charged with a felony shall commence within one hundred twenty days if he is continued in custody and within one hundred eighty days if he is not continued in custody.
> (b) The trial of a defendant charged with a misdemeanor shall commence within thirty days if he is continued in custody and within sixty days if he is not continued in custody.
> (2) Failure to commence trial within the time periods provided above shall result in the release of the defendant without bail or in the discharge of the bail obligation, if after contradictory hearing with the district attorney, just cause for the delay is not shown.
> E. "Just cause" as used in this Article shall include any grounds beyond the control of the State or the Court.
> F. A motion for a speedy trial filed by the defendant, but not verified by the

other part of his trial. The record indicates that when the defendant was not located after a search of the courthouse, the trial judge ordered a warrant for the defendant's arrest and informed the court that trial would be postponed until later in the week. The trial judge also enlisted the aid of the Iberia Parish Sheriff's Office in locating the defendant in the interim.

On June 27, 2001, court was back in session, and the defendant was still absent. Defense counsel advised the trial judge that the defendant was aware of his court date. Accordingly, the trial judge instituted proceedings to determine whether the defendant was voluntarily absent, in which case, the trial could go forward without him. Lt. D'Albor, who was part of the team assigned to search for the defendant, testified that officers looked for the defendant at his last place of employment, at his last known address, and at the address of a former girlfriend, all to no avail. At the request of defense counsel, hospitals in Lafayette and in New Iberia were checked to rule out the possibility that the defendant had been in an accident or had fallen ill. This, too, proved unsuccessful.

Iberia Parish Sheriff's Officers reported that they had located the defendant's ex-girlfriend, who had seen the defendant on the morning of June 25. The ex-girlfriend testified before the court that when she had seen him, the defendant told her that he was going to court. In addition, while searching an apartment complex frequented by the defendant, the officers encountered another individual, who testified before the court that he had seen the defendant there on the evening of June 25.

After the results of the search had been presented, the trial judge announced his decision as to whether the defendant was voluntarily absent from trial. The trial judge

_____

affidavit of his counsel, shall be set for contradictory hearing within thirty days.

4

observed that La.Code Crim.P. art. 831[2] requires a defendant to be present at all stages of his trial. However, the judge observed, according to La.Code Crim.P. art. 832[3], the defendant who is initially present at trial may waive his further presence. The judge noted that pursuant to La.Code Crim.P. art. 761[4], the trial was deemed to begin when the first juror was called for examination on voir dire. Because the defendant was present throughout jury selection, the trial judge reasoned, he was present for the beginning of the trial and, based on the evidence presented, the defendant had "voluntarily absented himself from trial." When the jury was brought in, the trial judge informed them of his decision, and trial proceeded without the defendant.

At the trial's conclusion, the jury found the defendant guilty of possession of more than 200 grams but less than 400 grams of cocaine in violation of La.R.S. 40:967 and guilty of receiving or acquiring proceeds derived from illegal drug

---

[2]Louisiana Code of Criminal Procedure Article 831 provides, in pertinent part, that

> A. Except as may be provided by local rules of court in accordance with Articles 522 and 551, a defendant charged with a felony shall be present:
> (1) At arraignment;
> (2) When a plea of guilty, not guilty, or not guilty and not guilty by reason of insanity is made;
> (3) At the calling, examination, challenging, impanelling, and swearing of the jury, and at any subsequent proceedings for the discharge of the jury or of a juror;
> (4) At all times during the trial when the court is determining and ruling on the admissibility of evidence;
> (5) In trials by jury, at all proceedings when the jury is present, and in trials without a jury, at all times when evidence is being adduced; and
> (6) At the rendition of the verdict or judgment, unless he voluntarily absents himself.

[3] Louisiana Code of Criminal Procedure Article 832 provides, in pertinent part, as follows:

> A. A defendant initially present for the commencement of trial shall not prevent the further progress of the trial, including the return of the verdict, and shall be considered to have waived his right to be present if his counsel is present or if the right to counsel has been waived and:
> (1) He voluntarily absents himself after the trial has commenced, whether or not he has been informed by the court of his obligation to be present during the trial[.]

[4] Louisiana Code of Criminal Procedure Article 761 provides, "A trial commences when the first prospective juror is called for examination. A trial by a judge alone commences when the first witness is sworn."

transactions in violation of La.R.S. 40:1049. The defendant was present for sentencing, at which time the trial judge imposed a term of thirty years at hard labor without benefit of probation, parole, or suspension of sentence as to the possession conviction and a term of ten years at hard labor, to run concurrently with the thirty-year sentence, as to the proceeds conviction. The defendant's oral motion for reconsideration of sentence was denied. The defendant was later granted an out-of-time appeal, in which he asserts the following assignments of error:

1. The Honorable Trial Court erred in imposing excessive sentences;

2. The trial court failed to particularize the sentences, thus the sentences violates [sic] the guidelines of La.C.Cr.P. Art. 894.1; and

3. The trial court erred in denying Mr. August's Motion to Reconsider the Sentences.

## Discussion

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. We find three such errors.

First, we find that the sentence for possession of cocaine in amounts greater than 200 grams but less than 400 grams is illegally lenient. Louisiana Revised Statute 40:967(F)(1)(b) mandates the imposition of a fine of not less than $100,000 nor more than $350,000, in addition to imprisonment; in the matter on appeal, the defendant received a term of thirty years' imprisonment but no fine.

In *State v. Cedars*, 02-861 (La.App. 3 Cir. 12/11/02), 832 So.2d 1191, a panel of this court observed that, pursuant to the principles outlined in La.Code Crim.P. art. 882 and *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790, an appellate court may recognize an illegally lenient sentence *sua sponte*. The trial court's failure to

impose a fine within the parameters of La.R.S. 40:967(F)(1)(b) requires that we vacate this sentence and remand for resentencing.

The second patent error that we have noted on our review of the record is that the defendant was sentenced to serve a term of ten years at hard labor on the drug-proceeds conviction. In *State v. Williams*, 01-1398 (La.App. 1 Cir. 3/28/02), 815 So.2d 378, *writ denied*, 02-1466 (La. 5/9/03), 843 So.2d 388, the first circuit determined that although the statute under which the defendant was convicted, La.R.S. 14:63.4, did not provide that imprisonment was to be at hard labor, and although this might have been an oversight on the part of the legislature, any ambiguity as to the penalty must be resolved in favor of the defendant. The first circuit found in favor of the defendant, holding that his imprisonment should not have been at hard labor. In the instant matter on appeal, an examination of the statute under which the defendant was convicted, La.R.S. 40:1049, reveals that the penalty for such a conviction is imprisonment for not more than ten years and a fine of not more than $10,000. This statute does not specifically provide that the sentence is to be served at hard labor. Accordingly, we find that the defendant's sentence should be amended to reflect that the term of ten years is not to be served at hard labor. This portion of the sentence is to be remanded, and the trial court is instructed to make the necessary corrections in the minutes.

Finally, we note that the bill of information contained an error as to a statute under which the defendant was charged. The bill of information charges the defendant with a violation of La.R.S. 40:967, without listing a particular subsection. In describing the charge of receipt of proceeds of a drug transaction in violation of La.R.S. 40:1049, the bill of information states that these proceeds were derived from actions in violation of La.R.S. 40:967F.2. We note that this statute, La.R.S.

7

40:967F.2, does not exist. However, the bill of information asserts that the defendant possessed more than 200 grams but less than 400 grams of cocaine, which is a violation of La.R.S. 40:967(F)(1)(b). With respect to this error in citation, our attention is brought to La.Code Crim.P. art. 464, which provides as follows:

> The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.

Regarding the use of the word "indictment" in the above code article, we note that La.Code Crim.P. art. 461 provides, in pertinent part, that "'[i]ndictment'" includes affidavit and information, unless it is the clear intent to restrict that word to the finding of a grand jury[;]" as such, La.Code Crim.P. art. 464 applies to citation errors in bills of information as well as to citation errors in indictments. Our review of the bill of information, and of the proceedings below generally, indicates that this citation error did not prejudice the defendant. The offense charged was uniformly referred to as "possession of more than 200 but less than 400 grams of cocaine," which is the offense outlined in La.R.S. 40:967(F)(1)(b). Pursuant to La.Code Crim.P. art. 464, we find that the error in the citation in the bill of information charging the defendant with the offense described in La.R.S. 40:967(F)(1)(b) does not require any action by this court.

*Excessive Sentence and Failure to Sufficiently Particularize Sentence*

The defendant contends on appeal that his concurrent sentences of thirty years at hard labor, to be served without benefit of parole, probation, or suspension of sentence, and ten years at hard labor, are excessive; in addition, he argues that the trial judge violated the provisions of La.Code Crim.P. art. 894.1 in failing to sufficiently

8

particularize his sentence. Because these assignments of error are interrelated, we address them together.

The record indicates that after the trial judge imposed sentence, counsel for defendant made an oral motion for reconsideration, which was denied. The record likewise indicates that the defense offered no arguments in support of the motion. As such, pursuant to La.Code Crim.P. art. 881.1(D)[5], only a "bare claim of excessiveness" has been preserved on appeal in this matter. *State v. Barling*, 00-1241, p. 11 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-0838 (La. 2/1/02), 808 So.2d 331.

In *State v. Walker*, 96-112, pp. 3-4 (La.App. 3 Cir. 6/5/96), 677 So.2d 532, 534, *writ denied*, 96-1767 (La.12/6/96), 684 So.2d 924, a panel of this court provided the following analysis of the law pertaining to excessive sentence claims:

> Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. *State v. Sepulvado*, 367 So.2d 762 (La.1979); *State v. Naquin*, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981); *State v. Everett*, 530 So.2d 615 (La.App. 3 Cir.1988), *writ denied*, 536 So.2d 1233 (La.1989).

Moreover, although the trial court is not required to specify each of the factors listed in La.Code Crim.P. art. 894.1 that were contemplated in imposing sentence, the record

---

[5]Louisiana Code of Criminal Procedure Article 881.1(D) provides as follows:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

must reflect that the trial judge gave them adequate consideration. *State v. Palmer*, 00-0216 (La.App. 1 Cir. 12/22/00), 775 So.2d 1231. A trial court is given considerable discretion in sentencing a defendant within the limits established by law. *State v. Bey*, 03-277 (La.App. 3 Cir. 10/15/03), 857 So.2d 1268. A reviewing court is not to disturb such sentences absent a manifest abuse of this discretion. *Id.*

The defendant was convicted of possession of more than 200 grams but less than 400 grams of cocaine, a violation of La.R.S. 40:967(F)(1)(b), which provides, in pertinent part, that

> Any person who knowingly or intentionally possesses two hundred grams or more, but less than four hundred grams, of cocaine or a mixture or substance containing a detectable amount of cocaine or of its analogues as provided in Schedule II(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than ten years, nor more than thirty years, and to pay a fine of not less than one hundred thousand dollars, nor more than three hundred fifty thousand dollars.

The record indicates that the defendant was sentenced to serve thirty years at hard labor without benefit of probation, parole, or suspension of sentence. In addition, with respect to the $650 recovered from his person, the defendant was convicted of receiving or acquiring proceeds derived from illegal drug transactions, a violation of La.R.S. 40:1049(D), which provides, in pertinent part, that "[i]t is unlawful for any person to knowingly or intentionally receive or acquire proceeds derived from any violation of La.R.S. 40:966 et seq., or to knowingly or intentionally engage in any transaction involving proceeds from any such violations." The penalty provision of La.R.S. 40:966 is located in section (E), which dictates that "[a]ny person who is convicted of violating this Section shall be imprisoned for not more than ten years, or fined not more than ten thousand dollars, or both."

10

According to the record, the trial judge stated that he had considered the guidelines set forth in La.Code Crim.P. art. 894.1 in imposing sentence. He observed that the defendant had chosen not to attend his trial and that he was therefore a flight risk. Referring to "State's Exhibit No. 1," which is absent from the record on appeal, the trial judge commented that the defendant has an extensive criminal history[6]. (The record indicates that the trial judge ordered a pre-sentence investigation of the defendant after the jury returned the verdicts, but it received no further mention in the record.)

We find no manifest abuse of discretion on behalf of the trial court in sentencing the defendant to concurrent sentences of thirty and ten years. The record reflects that the trial judge considered the aggravating and mitigating factors as detailed in La.Code Crim.P. art. 894.1, and the sentences are within their statutory range. Although, as noted above, a sentence may be excessive even if it is within statutory limits, we find that this is not the case in the instant matter. These assignments are without merit.

*Denial of the Defendant's Motion to Reconsider Sentences*

The defendant's final argument on appeal is that the trial court improperly denied his pro-se motion to reconsider sentence. Louisiana Code of Criminal Procedure Article 881.1 provides guidelines for motions to reconsider sentence, stating, in section (A)(1), that such a motion must be filed "[w]ithin thirty days following the imposition of sentence or within such longer period as the trial court

---

[6]A "criminal history" of the defendant is attached to the State's bill of information in this matter. According to this "criminal history," taken from a law-enforcement database, the defendant has several felony convictions. In addition, the record reflects that during the proceedings to determine the defendant's whereabouts, the judge expressed concern based upon the seriousness of the charges and noted that the defendant was a multiple felony offender. The State responded that, if convicted, this would be the defendant's fourth felony conviction, although he did not face habitual-offender charges.

may set at sentence, the state or the defendant may make or file a motion to reconsider sentence."

The record indicates that the defendant was sentenced on September 27, 2001. The defendant's pro-se motion for reconsideration of sentences was filed on October 30, 2001. Because more than thirty days had elapsed since sentencing, and because the trial court did not extend the time period during which the defendant could submit such a motion, the defendant's motion was not timely, and the trial court lacked jurisdiction to consider it. *See State v. King*, 95-344 (La.App. 3 Cir. 10/4/95), 663 So.2d 307, *writ denied*, 95-2664 (La. 3/15/96), 669 So.2d 433. This assignment lacks merit.

### DECREE

For the foregoing reasons, the sentence for the conviction on possession of cocaine in amounts greater than 200 grams but less than 400 grams, a violation of La.R.S. 40:967(F)(1)(b) is vacated, and the matter is remanded for resentencing on this charge in accordance with the statutory provisions. Furthermore, we affirm the ten-year sentence on the drug-proceeds conviction pursuant to La.R.S. 40:1049, but we remand with instructions to the trial court to amend the sentence to reflect that the ten-year term is not to be served at hard labor and to correct the minute entry accordingly.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.**