# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 04-1006

**STATE OF LOUISIANA**

**VERSUS**

**NEAL W. INSLEY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 65179
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and Michael G. Sullivan, Judges.

**AFFIRMED.**

**William E. Tilley**
**District Attorney**
**Thirtieth Judicial District Court**
**Post Office Box 1188**
**Leesville, LA   71446-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Terry Wayne Lambright**
**100 South Third Street**
**Leesville, LA   71446**
**(337) 239-6557**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Paula Corley Marx**
**Louisiana Appellate Project**
**Post Office Box 80006**
**Lafayette, LA   70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Neal W. Insley**

**Neal W. Insley**
**Hunt Correctional Facility**
**Post Office Box 174**
**24 Hour Care Unit**
**St. Gabriel, LA   70776**

AMY, Judge.

The defendant pled guilty to attempted cultivation of marijuana and was sentenced to serve four years at hard labor and to pay a fine of one thousand five hundred dollars plus court costs. The defendant now appeals, asserting that his sentence was unconstitutionally excessive, and not particularized to him, pursuant to La.Code Crim.P. art. 894.1. He also asserts that the trial court erred in refusing his request for post-conviction bail. For the following reasons, we affirm.

## Factual and Procedural Background

According to the factual basis supplied by the State at the defendant's guilty plea hearing, members of the Vernon Parish Sheriff's Office and the Vernon Parish Task Force went to a residence to arrest an individual for a probation violation. That individual lived in the residence with the defendant and helped to care for him, as the defendant is restricted to a wheelchair. While on the premises, the officers noticed five marijuana plants growing in plain view beside a shed behind the residence. The defendant admitted that the plants were his and that he had been growing them. He also consented to a search of the residence, where officers found marijuana and drug paraphernalia.

The defendant was charged by a bill of information with one count of cultivation of marijuana in violation of La.R.S. 40:966, one count of possession of marijuana in violation of La.R.S. 40:966, and one count of possession of drug paraphernalia in violation of La.R.S. 40:1033. The defendant entered a plea of not guilty at his arraignment on December 2, 2003. However, on February 4, 2004, pursuant to a plea agreement with the State, he entered a plea of guilty to attempted cultivation of marijuana, a violation of La.R.S. 14:27 and La.R.S. 40:966. The remaining charges were dismissed. The defendant was sentenced to serve four years at hard labor and was ordered to pay a fine of one thousand five hundred dollars plus

court costs. The defendant filed a motion to reconsider on May 19, 2004, which was denied. The defendant now appeals, alleging the following as error:

1. The sentence imposed was cruel, unusual, and unconstitutionally excessive.

2. The trial court failed to particularize the sentence to this offender and offense, and further failed to comply with the mandates of Article 894.1 in sentencing Neal Insley.

3. A four year hard labor sentence was imposed, thus the trial judge erred in denying bail to Neal Insley after sentence and until final judgment.

## Discussion

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

*Excessive Sentence and Particularization of Sentence to Defendant*

In his first assignment of error, the defendant contends the sentence imposed is cruel, unusual, and unconstitutionally excessive. In his second assignment of error, the defendant contends the trial court failed to particularize the sentence to this offender and offense, and further failed to comply with the mandates of La.Code Crim.P. art. 894.1. Inasmuch as these two assignments of error are closely related, we will discuss them together.

The defendant questions in his appellate brief whether mandatory incarceration fits the crime committed, asserting in support that the plants were grown for his own personal use. The defendant further asserts that the trial court did not demonstrate compliance with the requirement in La.Code Crim.P. art. 894.1(C) that the sentencing court state the considerations taken into account for the record, in order to ensure that a sentence is individualized. The defendant specifically points to the trial court's

2

comment, "[f]irst, this is a drug case and there is always significant harm to society in general when one is dealing in the use or distribution of illegal drugs." The defendant's argument with regard to the statement is two-fold: first, that the statement merely reflects the trial judge's "personal feelings" and, second, that the trial judge did not thereafter articulate how the defendant's "cultivation and personal use of marijuana was or could have been a significant harm to society." The defendant further argues in his appellate brief that the trial court "seemed unduly impressed" with the defendant's criminal history and failed to give adequate consideration to a number of mitigating circumstances. Finally, the defendant states that, "[t]he failure of the court to give appropriate weight to the mitigating factors in this case and the facts of the crime has resulted in an unconstitutionally excessive sentence[.]"

This court has stated the standard for reviewing an excessive sentence as follows:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. . . . The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958. A sentence will only be deemed excessive if it amounts to a needless and purposeless imposition of pain and suffering or if it is so grossly disproportionate to the seriousness of the crime as to shock one's conscious. *State v. Walker*, 96-112

3

(La.App. 3 Cir. 6/5/96), 677 So.2d 532, *writ denied*, 96-1767 (La. 12/6/96), 684 So.2d 924.

With respect to a trial court's compliance with the requirements of La.Code Crim.P. art. 894.1, this court has stated:

> The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La.Code Crim.P. art. 894.1; *State v. Klause*, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph C of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The sentencing court need not articulate every circumstance or read through a checklist of items to comply with the requirements of La.Code Crim.P. art. 894.1. *State v. Pontiff*, 604 So.2d 71 (La.App. 3 Cir.1992). However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. *State v. Smith*, 433 So.2d 688 (La.1983).
>
> If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for resentencing. *State v. Cottingin*, 476 So.2d 1184 (La.App. 3 Cir.1985), *appeal after remand*, 496 So.2d 1379 (La.App. 3 Cir.1986); *State v. Morgan*, 428 So.2d 1215 (La.App. 3 Cir.1983), *writ denied*, 433 So.2d 166 (La.1983); See also, *Smith*, 433 So.2d 688 and *State v. Stein*, 611 So.2d 800 (La.App. 3 Cir.1992). Even though art. 894.1 has undergone several major revisions, the reasoning used in these cases is still applicable.

*State v. Bey*, 03-277, pp. 5-6 (La.App. 3 Cir. 10/15/03), 857 So.2d 1268, 1272-73 (quoting *State v. Anderson*, 95-1688, p. 4 (La.App. 3 Cir. 5/8/96), 677 So.2d 480, 483).

The defendant was convicted of attempted cultivation of marijuana in violation of La.R.S. 40:966, which provides for an imprisonment sentencing range of five to thirty years and a fine of not more than fifty thousand dollars. Louisiana Revised Statutes 14:27(D)(3) sets forth the appropriate penalty for attempted cultivation of marijuana, providing that the sentence imposed for an attempt shall not exceed one-half of the longest term of imprisonment prescribed for the offense attempted.

4

The Louisiana Supreme Court has found that this language requires no minimum penalty provision. *State v. Callahan*, 95-1331 (La. 3/29/96), 671 So.2d 903.

When sentencing the defendant, the following remarks were made by the trial court:

> I considered the factors under Article 894.1 of the Code of Criminal Procedure, and, found that the following were applicable. First, this is a drug case, and, there is always significant harm to society in general when one is dealing in the use or distribution of illegal drugs. There are no substantial grounds which would tend to excuse or justify this defendant's criminal conduct, nor did he act under strong provocation by any other individuals. He is forty-one years of age. He is single. He has two children. Both of them are adults. He is in relatively poor health in that he is disabled and is confined to a wheelchair. He does have some employment record in that in the past he has worked as a sandblaster, and, fabricator, and, worked off shore as well. He has an eighth grade education and has not received a G.E.D. He has a history of marijuana use which he admits to for at least twenty years. He has gone through therapy for emotional problems, and, for pain management with doctors, but, has not received any kind of therapy for any kind of illegal drug use. He has a prior criminal record, and, has been classified in the PSI as a third felony offender. In 1979 in New Birn (PHONETIC), North Carolina he was convicted of auto larceny, a felony grade offense, and, was sentenced to twelve years confinement. He escaped on August 31st, 1981, and, was captured apparently, the next day, September 1st, 1981. He was paroled February 23rd, 1983, and, then was discharged on October 26, 1983. Then, September – excuse me, June 26th, 1986 he was convicted of simple battery in Oberlin, Louisiana and was given eighteen months with the Department of Corrections time. He was paroled in that case July 27th, 1987, and, that expired February – April 27th, 1988. He also has a conviction on his record for misdemeanor grade escape and possession of marijuana. As I said, he is a third felony offender, and, therefore, not eligible for probation in this case. The court has struggled, somewhat, with what to do with you in this case to be honest with you, Mr. Insley. Home incarceration was an option to the court, but, I felt that the possibility of home incarceration would, basically, leave you in the same kind of situation that was there whenever you were growing your marijuana, that is, I'd leave you in your home, and, there is no assurance that you wouldn't do the same thing, or some other activity out of your home that you had done before, and, so, the only other option to the court, I think, is to remove you from any kind of environment like that. The court, therefore, sentences you to serve a sentence of 4 years at hard labor with the Louisiana Department of Corrections, and, pay a fine of $1,500.00 plus court costs.

We find that the trial court clearly considered the defendant's personal history including his age, family ties, marital status, health, employment record, prior criminal record, and the likelihood of recidivism or rehabilitation. "[I]t is not improper for the trial court to take into account public concerns in imposing a sentence as well as the threat of harm to society of controlled dangerous substances as long as the sentence is particularized to the defendant." *State v. Page,* 575 So.2d 892, 894 (La.App. 2 Cir. 1991). Additionally, it is clear that the court considered mitigating factors in articulating the defendant's sentence. The court was not required to give any of the mitigating factors any particular weight. *Bey*, 857 So.2d 1268. Based on the trial court's comments, we find that the trial court did comply with La.Code Crim.P. art 894.1 and imposed a sentence that was particularized to the defendant.

Turning to the defendant's claim that his four year sentence was excessive, we first note that the defendant could have been sentenced to a term of imprisonment ranging from zero to fifteen years. La.R.S. 40:966; La.R.S. 14:27. Our review of the record reveals that the defendant was originally charged with cultivation of marijuana and was allowed to plead guilty to a lesser offense; furthermore, the State dismissed the charges of possession of marijuana and possession with intent to use drug paraphernalia. Where the entire course of the defendant's conduct is inadequately described by the offense to which he pled guilty, the court may consider the benefit obtained by the defendant through a plea bargain. *State v. Lanclos*, 419 So.2d 475 (La.1982). Although the defendant suggests that his parole expired for his last crime in 1985, the judge is entitled to consider a defendant's prior criminal record in fashioning a sentence, and the record reflects that the defendant is a third felony offender. *State v. Myles*, 94-217 (La. 6/3/94), 638 So.2d 218. Consequently, we find

6

that the defendant's sentence, which was at the low end of the sentencing range applicable, is not excessive. Therefore, these assignments are without merit.

*Denial of Bail Pending Final Judgment*

For his final assignment, the defendant alleges that the trial court erred in denying his request for bail, pending a final judgment in his case. The defendant cites Louisiana Code of Criminal Procedure Article 332, which states in pertinent part:

> C. After sentence and until final judgment, bail should be allowed if a sentence of five years or less is actually imposed. . . .

> D. In those instances above in which bail shall be allowed, the court shall consider whether the release of the person convicted or sentenced will pose a danger to any other person or the community in determining the amount of bail.

Furthermore, we note that the defendant asserts that this matter should be remanded to the trial court with instructions to set bond pending appeal and to impose a lesser sentence commensurate with the crime committed.

"The issue of whether or not the trial court has improperly refused bail is neither properly nor timely raised on appeal. The correct procedure is to invoke the supervisory jurisdiction of the appellate court through La.C.Cr.P. art. 322." *State v. Young*, 532 So.2d 301, 302 (La.App. 3 Cir. 1988) (citing *State v. Simmons*, 414 So.2d 705 (La.1982)), *writs denied*, 538 So.2d 588, 589 (La. 1989). The defendant has not filed a writ invoking the supervisory jurisdiction of this court, but instead raised the issue for the first time on appeal.

In *State v. Gamberella*, 633 So.2d 595 (La.App. 1 Cir. 1993), *writ denied*, 94-200 (La. 6/24/94), 640 So.2d 1341, the defendant was an AIDS patient who appealed the trial court's denial of his request for post-conviction bail pending his appeal. In affirming his conviction and sentence, the court stated, "[a]s is evident from this case, once a conviction has been either affirmed or reversed on appeal, the issue of

7

post-conviction bail pending appeal is moot." *Id.* at 608. Since the defendant asserted this issue in an appeal instead of a supervisory writ, we find that our decision in this appeal renders the defendant's claim moot. Accordingly, this assignment has no merit.

## DECREE

For the foregoing reasons, the four year sentence of the defendant, Neal W. Insley, for attempted cultivation of marijuana is affirmed.

**AFFIRMED.**