624 So.2d 934 (1993)
STATE of Louisiana, Appellee,
v.
Willie EASON, Appellant.
No. 25295-KA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1993.
Indigent Defender Board by Charles A. Smith, Minden, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, James M. Bullers, Dist. Atty., Benton, Whitley R. Graves, Asst. Dist. Atty., Minden, for appellee.
Before SEXTON, LINDSAY and STEWART, JJ.
PER CURIAM.
Defendant, Willie Eason, appeals as excessive his three-year sentence at hard labor for possession of cocaine. We affirm.
On March 14, 1992, a confidential informant notified the Minden Police Department that the defendant, Willie Eason, had cocaine in his possession. Officers Marvin Garrett and Ray Yetmen arrested the defendant after they discovered five rocks of crack cocaine in his possession. Defendant was initially charged with possession of cocaine with intent to distribute. Pursuant to a plea bargain agreement, defendant pled guilty to possession of cocaine. On February 8, 1993, defendant was sentenced to three years at hard labor for this conviction. On February 10, 1993, defendant filed a motion to reconsider his sentence in compliance with LSA-C.Cr.P. Art. 881.1. This motion alleged only that the sentence imposed upon him was unconstitutionally excessive. The trial court denied this motion to reconsider, and defendant now appeals asserting several specific grounds that he contends makes the sentence excessive. However, because the defendant failed to assert these claims in his motion to reconsider, defendant is relegated to having the appellate court consider the bare claim of excessiveness. LSA-C.Cr.P. Art. 881.1 A(2) and 88.1 D; State v. Minis, 619 So.2d 1059 (La.1993).
LSA-Const. Art. 1, § 20 prohibits the imposition of excessive punishment. Excessiveness *935 of sentence is a question of law which is reviewable. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Lamark, 584 So.2d 686 (La.App. 1st Cir.1991). A sentence violates LSA-Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lobato, supra; State v. Hogan, 480 So.2d 288 (La.1985). The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. State v. Lobato, supra; State v. Square, 433 So.2d 104 (La.1983).
Any person convicted of possession of cocaine may be imprisoned with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than $5000. LSA-R.S. 40:967(C)(2). The defendant in the instant case is a first-time felony offender who received a sentence of three years at hard labor for his possession of cocaine conviction. When sentencing the defendant, the trial court noted that defendant had a history of assaultive behavior, with five arrests for simple battery. The trial court also noted that since the instant offense, the defendant had been arrested on different occasions for disturbing the peace, speeding, running a stop sign, simple battery, open container violation, and no proof of insurance. Because the defendant had no visible means of support, the trial court concluded that the defendant's income must be derived from the sale of narcotics. The trial court also stated that defendant had not shown any remorse for his criminal activity, for which there was no justification.
In light of the circumstances of the instant case, we conclude that the defendant's sentence of three years at hard labor is not excessive. The sentence imposed does not shock our sense of justice and it was not an abuse of the trial court's discretion. Accordingly, the sentence of three years at hard labor imposed upon the defendant is affirmed.
Our error patent review discloses that the trial court improperly informed defendant that he had "three years from today's date to file an application for post-conviction relief." Under LSA-C.Cr.P. Art. 930.8, defendant has three years after the judgment of conviction and sentence have become final to apply for post-conviction relief. However, this defect has no bearing on whether the sentence is excessive and, thus, is not grounds for remand. The trial court is nevertheless directed to inform the defendant of the correct prescriptive period for postconviction relief within ten (10) days of the rendition of this opinion and file written proof of the notice into the record in this case.
AFFIRMED.