635 So.2d 703 (1994)
STATE of Louisiana
v.
Iley CLARK, a/k/a Timmy Murray.
No. KA 93 0714.
Court of Appeal of Louisiana, First Circuit.
April 8, 1994.
*704 Doug Moreau, Dist. Atty. by Tom Walsh, Asst. Dist. Atty., Baton Rouge, for appellee, State of Louisiana.
David Price, Public Defender, Baton Rouge, for appellant, Iley Clark.
Before CARTER, GONZALES and WHIPPLE, JJ.
GONZALES, Judge.
The defendant, Iley Clark a/k/a Timmy Murray, was charged by bill of information with attempted second degree murder, in violation of La.R.S. 14:27 and 30.1. He pled not guilty and, after trial by jury, was found guilty of the responsive offense of attempted manslaughter, in violation of La.R.S. 14:27 and 31. He received a sentence of ten and one-half years at hard labor, with credit for time served. The defendant has appealed, alleging three assignments of error, as follows:
1. The trial court erred in refusing to allow the defendant to question the victim about prior illegal acts.
2. The trial court erred in denying the defendant's motion for a mistrial.
3. The trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of La. C.Cr.P. art. 894.1.
Assignment of error number one was not briefed on appeal and, therefore, is considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

FACTS
On the night of September 27, 1991, the defendant shot his former girlfriend, Idrema Butler, with a .22 rifle. The shooting took place at the victim's home in Baton Rouge, Louisiana. When the shooting occurred, the victim was standing in the kitchen and the defendant was outside the kitchen window. The defendant fired a single shot from the rifle, which struck the victim in the throat and lodged in her spine. The defendant then left the scene and threw the rifle into some bushes. The following day he surrendered to the police, confessed to the shooting, and helped the police recover the rifle. As a result of the shooting, the victim is paralyzed from the waist down.

ASSIGNMENT OF ERROR NO. TWO:
In this assignment of error, the defendant contends that the trial court erred in denying his motion for a mistrial. Specifically, the defendant contends that, due to a deficiency in the State's 768 Notice (wherein the State failed to include a particular portion of the defendant's confession) he was surprised and prejudiced and, therefore, entitled to a mistrial.
During East Baton Rouge Parish Police Detective Michael Verrett's trial testimony, he explained how the defendant confessed to the shooting. At one point while relating the defendant's confession, Detective Verrett testified as follows: "He said he was sorry about what happened, but that he did the crime and he was willing to do the time." At the conclusion of Detective Verrett's testimony, the defense requested a mistrial because this particular portion of the defendant's confession was not in the State's 768 Notice. The trial court noted that this particular *705 statement by the defendant was not included in the 768 Notice. However, the trial court observed that defense counsel never alleged during the opening statement that the defendant had not committed the offense. After reviewing the entire 768 Notice, the trial court concluded that the notice stated that the defendant confessed to the crime, indicated that he shot the victim through the window, explained why he shot her, and contained the statement that if he would have had another bullet he would have shot the victim's boyfriend. The trial court concluded that the omission of the above quoted statement from the 768 Notice did not prejudice the defendant and denied the motion for a mistrial.
La.C.Cr.P. art. 768 provides:
Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence.
Initially, we note that the defendant was not even entitled to 768 Notice in this case, since the defense requested and received pretrial discovery. State v. Whitaker, 489 So.2d 998, 1001 (La.App. 1st Cir.), writ denied, 494 So.2d 324 (La.1986). In its answer to the defendant's motion for discovery, the State indicated that the defendant made a statement to Detective Verrett (and perhaps others) at the police station on or about September 27, 1991. Furthermore, we agree with the trial court's observation that, considering the details of the defendant's confession which were included in the 768 Notice provided to the defense prior to the trial, the omission of this particular statement by the defendant that he did the crime and was willing to do the time could not have prejudiced the defense under these circumstances. Accordingly, we find that the trial court correctly denied the defendant's motion for a new trial.
This assignment of error is meritless.

ASSIGNMENT OF ERROR NO. THREE:
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1. Specifically, the defendant argues in his brief to this Court that the trial court erred by imposing the maximum sentence and by failing to consider and apply the new sentencing guidelines.
La.C.Cr.P. art. 894.1 (as amended by Act 22, § 1, of 1991) now provides, in pertinent part:
A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
* * * * * *
C. The court shall state for the record the considerations taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis therefor in imposing sentence.
However, La.C.Cr.P. art. 881.1 provides, in pertinent part:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
* * * * * *
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Article 881.1 took effect on January 31, 1992. See Act 38, § 3, of 1991. The defendant *706 was sentenced on February 18, 1993. He filed a motion for an appeal on February 22, 1993. The trial court granted the defendant's motion for an appeal on February 26, 1993. The defendant filed a motion to reconsider sentence on April 20, 1993. The trial court denied the motion on April 22, 1993. If an order of appeal has been entered, and the sentence is a legal one, then the motion to reconsider sentence is not properly filed and the court is without jurisdiction to take any action concerning the motion. See La. C.Cr.P. art. 916(3); State v. Slaid, 614 So.2d 1326, 1330 (La.App. 3d Cir.1993). In this case, since the defendant filed his motion to reconsider sentence more than thirty days following the imposition of sentence, the trial court did not set a longer period of time for filing the motion at sentencing, and an order of appeal had been entered, the trial court correctly denied the motion to reconsider sentence as it no longer had jurisdiction in the case. Furthermore, since the defendant did not comply with the time requirements of Article 881.1 A(1), he is barred procedurally from having this assignment of error reviewed on appeal.
For the above reasons, this assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.