| iNORRIS, Judge.
Jessie Williams was charged by bill of information with two counts of forcible rape, La.R.S. 14:42.1, and one count of aggravated burglary, La.R.S. 14:60. Pursuant to a plea bargain, he pled guilty to one count of forcible rape and the state dismissed the other charges. The trial court sentenced him to 20 years imprisonment at hard labor, the first two to be served without benefit of probation, parole or suspension of sentence. The court denied his motion to reconsider the sentence. Williams appeals this sentence as excessive. For the following reasons, we affirm.

Facts

At the time of this incident, Williams and his wife were separated and engaged in a bitter dispute over the custody of their children. Williams’s threats and violent behavior during their separation led his wife to seek a temporary restraining order against him in January 1993.
On the evening of March 2, 1993, around 11:00 p.m., Williams went to his wife’s house, turned off the electricity and cut her telephone lines. Mrs. Williams awoke and no *554 ticed the power was off; she tried to call the police, but the phone line was dead. All four children were asleep in the house. After getting a knife and flashlight from the kitchen, she heard a knock at the door and identified her husband’s voice. Williams told her to open the door or he would kick it in. She quickly pushed a chair against the door, but to no avail. When Williams broke the door, she ran outside to get help; Williams ran after her, took the knife and forced her back inside the house. Two of the children had awakened by this time, but were told to return to bed. At knifepoint, Williams demanded that she write a letter (actually several versions) to the juvenile court stating that she wanted to relinquish custody of her children to him. Shortly thereafter, Williams put the knife down on a chair beside the bed and asked her Uto have sexual intercourse with Mm. Fearing for her safety, she acquiesced. Later that evening, he again forced her to have intercourse.
Early the next morning, Williams repaired the phone lines and left. His wife immediately called the police, and Williams was soon arrested. At the time of his arrest, Williams had the letters to the court in his pocket.

Excessiveness of sentence

Williams contends his sentence is excessive because the trial court improperly deviated from the Felony Sentencing Guidelines’ recommended range of 60 (5 years) to 90 months (7.5 years) imprisonment. He also argues that the trial court erred in denying his motion to reconsider the sentence.
A trial judge must consider the Guidelines, but has complete discretion to reject them and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of conviction. State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237 (on rehearing). The trial judge need only state for the record the considerations taken into account and the factual basis for the imposition of that sentence. La.C.Cr.P. art. 894.1. When a trial judge complies with these requirements, we may only review the sentence imposed for constitutional excessiveness. State v. Smith, supra.
A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App.2d Cir.1989). The trial judge has primary responsibility for determining whether a sentence is constitutionally excessive. State v. Dorthey, 623 So.2d 1276 (La.1993). Absent manifest abuse of the trial court’s wide discretion to sentence within statutory limits, a sentence will not be set aside as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Eason, 624 So.2d 934 (La.App.2d Cir.1993).
A person convicted of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years, with at least two years to be served without benefit of probation, parole or suspension of sentence. La.R.S. 14:42.1 B. The trial court sentenced Williams to 20 years imprisonment at hard labor, two years to be served without benefit. This sentence is one-half the maximum provided by the legislature for the offense of conviction and carries only the statutory minimum of incarceration without benefit. Moreover, before his plea bargain, Williams faced an aggregate maximum sentence of 110 years imprisonment at hard labor. Such substantial benefit from a plea bargain is a legitimate consideration in sentencing. State v. Lighten, 516 So.2d 1266 (La.App.2d Cir.1987).
The trial court noted the Guidelines’ recommended sentence, but determined based on the facts of this case that it was necessary to depart from the suggested range. In departing upward, the court considered Williams’s lack of remorse for his actions; his pattern of spousal abuse, amply supported by his wife’s numerous telephone calls to the police and the need for a restraining order; his calculated and violent forced *555 entry into her home; his use of a knife to force her to write letters relinquishing custody of her children and to make her submit to sexual intercourse; and finally, the fact that their minor children were present during the incident. All of these aggravating factors significantly increase the seriousness of the offense and distinguish it from the typical rape situation. La.S.G. § 209 B. The trial court also specifically considered mitigating factors in imposing the sentence, including the fact that it was ^Williams’s first felony offense. Based on these factors, the court did not impose the maximum sentence allowed by law.
On this record, it is clear that the trial court considered the Guidelines and stated the considerations taken into account and the factual basis for the sentence imposed. La. C.Cr.P. art. 894.1; State v. Smith, supra. In light of the circumstances of this case, the trial court did not abuse its vast discretion. The sentence imposed was clearly justified, and we find no reversible error. Consequently, the trial court’s denial of Williams’s motion to reconsider the sentence was also proper.

Error Patent

The trial court failed to inform Williams of the prescriptive period for post conviction relief. La.C.Cr.P. art. 930.8. This defect has no bearing on the sentence and is not grounds for reversal. La.C.Cr.P. art. 921, 930.8 C; State v. Mock, 602 So.2d 776 (La.App.2d Cir.1992). The district court is ordered to send written notice to Williams of the prescriptive period for post conviction relief within 10 days of the rendition of this opinion and to file Williams’s receipt of such notice in the record of these proceedings.
In addition, the record indicates that Williams has been in the CDC since March 3, 1993 and the court did not give credit for time served. The court is hereby instructed to give Williams credit toward service of his sentence for any time spent in actual custody prior to the imposition of sentence. La. C.Cr.P. art 880.
We find nothing else on this record that we consider to be error patent. Williams’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.