663 So.2d 307 (1995)
STATE of Louisiana, Plaintiff-Appellee,
v.
Vincent Lee KING, Defendant-Appellant.
No. CR95-344.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1995.
Don M. Burkett, Stephen Bruce Beasley, Many, for State.
John William Pickett, Many, for Vincent Lee King.
Before KNOLL, THIBODEAUX and DECUIR, JJ.
KNOLL, Judge.
Vincent Lee King, defendant herein, was charged by bill of information with the armed robbery of a convenience store in Many, Louisiana. He pleaded guilty to first-degree robbery on March 6, 1992. On July 30, 1992, defendant was sentenced to thirty years at hard labor without benefit of parole, probation, or suspension of sentence. On September 24, 1992, defendant appealed, raising the issue of excessiveness of sentence and seeking *308 review of errors patent on the face of the record. By per curiam opinion dated May 12, 1993, this court refused to consider the excessiveness claim because a motion to reconsider sentence was not timely filed in the trial court as mandated by La.Code Crim.P. art. 881.1.
On December 19, 1994, the trial court granted defendant leave to file an "out of time" motion to reconsider sentence.[1] The motion was denied without hearing. On January 20, 1995, defendant filed a second appeal to this court, again raising the issue of excessiveness of sentence.
For reasons which follow, we find that defendant's second appeal is not properly before this court, and dismiss the appeal.

DISCUSSION
Article 881.1 of the Code of Criminal Procedure allows either the state or the defendant to move the trial court to reconsider sentence. La.Code Crim.P. art. 881.1 provides as follows:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
* * * * * *
D. Failure to make or file a motion to reconsider sentence ... shall preclude the state or the defendant from raising an objection to the sentence ... on appeal or review.[2]
(Emphasis added).
In the case sub judice, the defendant did not file a motion to reconsider sentence within the thirty day period allowed by Article 881.1, nor did the trial court set a longer period at sentencing for filing the motion. The defendant's failure to timely file the motion or to orally object at his sentencing on the basis of excessiveness precluded this court from entertaining a claim of excessiveness of sentence on original appeal, see La.Code Crim.P. art. 881.1(D) and State v. Caldwell, 620 So.2d 859 (La.1993), and the assignment of error was properly not considered. The judgment rendered on original appeal is final and shall not be disturbed. La.Code Crim.P. art. 922.
Furthermore, once the trial court granted defendant's motion for appeal, and its jurisdiction was divested in favor of the appellate court, La.Code Crim.P. art. 916, the trial court was without jurisdiction to take any action in this case except as provided by law and by La.Code Crim.P. art. 916. In particular, La.Code Crim.P. art. 916(3) permits the trial court to take appropriate action pursuant to a properly made or filed motion to reconsider sentence. As discussed above, however, the defendant herein did not properly make or file such a motion. The trial court correctly denied the motion to reconsider sentence as it no longer had jurisdiction in the case. State v. Clark, 93-714 (La.App. 1 Cir. 4/8/94); 635 So.2d 703.
Defendant's second appeal is not properly before this court, and his appeal is therefore dismissed.

ERRORS PATENT
Our review of the record for errors patent reveals that the trial court failed to give the defendant credit for time served, as required by La.Code Crim.P. art. 880. Accordingly, defendant's sentence shall be amended to award credit for time actually spent in custody, *309 if any, prior to the imposition of sentence. La.Code Crim.P. art. 882(A). Resentencing is not required; however, we remand this case and order the trial court to amend the commitment and the minute entry of sentencing to reflect that defendant is given credit for time served. State v. Bernard, 94-928 (La.App. 3 Cir. 2/1/95); 649 So.2d 1145.
APPEAL DISMISSED; CASE REMANDED WITH INSTRUCTIONS.
NOTES
[1] No "out of time" motion to reconsider sentence is contemplated by the Code of Criminal Procedure or found in the jurisprudence, and the trial court erred in permitting defendant to file such a motion.
[2] Article 881.1 became effective on January 31, 1992, see Acts 1991, No. 38, § 3, and thus applies to the defendant herein.