734 So.2d 706 (1999)
STATE of Louisiana, Appellee,
v.
David Louis MOORE, Defendant-Appellant.
No. CR98-1423.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1999.
Don M. Burkett, Many, for Plaintiff/Appellee State of Louisiana.
Edward K. Bauman, Lake Charles, for Defendant/Appellant David Louis Moore.
Before DECUIR, SULLIVAN and GREMILLION, Judges.
DECUIR, Judge.
This is an appeal of the conviction and sentence of David Louis "Buddy" Moore for aggravated battery, a violation of La. R.S. 14:34. After a jury trial, the Defendant was found guilty of committing an aggravated battery on his wife and was sentenced to nine years at hard labor. On appeal, the Defendant raises two assignments of error: improper admission of other crimes evidence and excessive sentence.
The Defendant is married to the victim, Glenda Moore, and they have five daughters, all of whom have been removed from their care. The Defendant has been married three times, and there is evidence in the record that he has beaten all three wives. The Defendant was described by his brother as being jealous and violent. The Defendant admitted in his own testimony that he has a very bad temper.
*707 On July 17, 1997 at 10:30 p.m., the victim walked four miles to the home of her brother-in-law and sister-in-law and reported to them that the Defendant had hit her, kicked her with steel-toed boots, and dragged her by the hair. Medical testimony revealed that the victim had two broken arms and serious bruises on the back, shoulder, and forearms. A large clump of hair had been pulled from her head. The emergency room physician testified that the victims's injures were defensive in nature and, indeed, the victim had said upon arrival that her husband had beaten and kicked her.
Subsequently, the victim recanted this history and testified at trial that although the Defendant had slapped her a few times on July 17, her injuries occurred when she fell down the steps outside the house where their argument took place. The victim sought to have the charges against her husband dismissed prior to trial and testified that she loves her husband and wants him to come home.
The Defendant testified that he had consumed a case of beer on the afternoon of July 17 and had an argument with the victim that night. He admitted to slapping her twice that night, but he said that she ran out the house after that. He testified that he hid from police for a few days so that he could check on his wife's condition. Both the Defendant and the victim returned to their apartment on July 21, and the Defendant turned himself in to police on July 23.
After hearing all of the evidence, the jury found the Defendant guilty as charged. He was later sentenced to nine years at hard labor. At the time of sentencing, the trial court improperly informed the Defendant that he had three years from the date of sentencing to file an application for post-conviction relief. Under La.Code Crim.P. art. 930.8, the Defendant has three years after the judgment of conviction and sentence have become final to apply for post-conviction relief. Thus, the trial court is directed to inform the Defendant of the correct provisions of Article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion; the trial court is further instructed to file written proof that the Defendant received the notice in the record of the proceedings. See State v. Eason, 624 So.2d 934 (La.App. 2 Cir.1993).
By his first assignment of error, the Defendant contends that the trial court erred in admitting prejudicial other crimes evidence. The Defendant contends that since his present crime was aggravated battery, a battery committed with a dangerous weapon, the two prior simple battery convictions were not relevant since simple battery is a battery committed without a dangerous weapon.
Prior to trial, a hearing was held to determine the admissibility of the evidence of the Defendant's two prior convictions for simple battery. The Defendant's second wife testified about a beating from the Defendant, and one of the eye witnesses to the December 1996 beating of Glenda Moore also testified. At the conclusion of the hearing, the trial judge ruled that the evidence of the two prior convictions would be admissible to establish, among other things, the Defendant's intent.
At trial, the State did not present direct evidence of the Defendant's simple battery convictions. However, evidence of the battery convictions, as well as numerous other convictions, was presented when the Defendant took the stand to testify. The evidence of the Defendant's convictions for battering both his previous wife and present wife was mentioned in opening statements and apparently had been discussed in voir dire. The Defendant's brother testified about Defendant beating his previous wife and his present wife. There were no objections to the admission of this evidence at trial. Although the Defendant now contends he was forced to take the stand and testify because the State had given the impression it would introduce the evidence, *708 the Defendant's promise in his opening statement to take the stand arose from his claim that, at most, his acts constituted domestic violence but not a criminal battery.
Evidence of other crimes is generally inadmissible in the guilt phase of a criminal trial unless the probative value of the evidence outweighs its prejudicial effect and unless other safeguards are met. La.Code Evid. art. 404(B)(1). State v. Johnson, 94-1379, p. 10 (La.11/27/95), 664 So.2d 94, 99. This general rule ensures that a defendant who has committed other crimes will not be convicted of a present offense simply because he is perceived as a "bad person," irrespective of the evidence of his guilt or innocence.
There are statutory and jurisprudential exceptions to this exclusionary rule. For instance, if a defendant chooses to testify, La.Code Evid. art. 609.1 authorizes credibility testing with evidence of prior criminal convictions. Additionally, evidence of prior convictions for domestic violence may be relevant to establish intent. The evidence of a defendant and victim's relationship and prior threats and beatings are relevant to show a defendant's intent to harm his spouse. State v. Welch, 615 So.2d 300 (La.1993).
The primary purpose of the evidence presented in the case was not to prove the Defendant's bad character but to illustrate the volatile nature of his relationship with the victim. In State v. Ham, 93-1036 (La. App. 5 Cir. 2/15/95), 652 So.2d 15, writ denied, 95-1028 (La.3/17/97), 691 So.2d 69, the defendant shot and killed his wife, and the state introduced evidence of the defendant's prior beatings of his wife, including prior convictions of the defendant. The appellate court upheld the admission of this evidence since the defendant claimed there was no proof of intent; that is, the shooting of his wife was accidental.
Ham claims that the evidence regarding his prior acts of personal violence proved only that he was an alcoholic and an abusive housemate; however, as against his claim at trial that the murder weapon accidentally or unintentionally discharged, evidence of his prior acts of violence toward the victim provided proof of his specific intent at the time of the offense to kill the victim or to inflict great bodily harm on her. Considering the critical importance of that intent in this case, the probative value of the state's other acts evidence clearly outweighed any prejudicial effect that evidence may have had on the jury.
Ham, 652 So.2d at 18-19.
In the present case, the Defendant admitted he twice slapped the victim in the face, but he denied the blows were violent and he denied inflicting any other injuries. The supreme court's explanation in State v. Welch applies to the present case:
[T]he state could not place the circumstances of the offense in their proper context without reference to the nature of the relationship existing between the victim and the defendant. Without that evidence, which included prior acts of violence or threatened violence..., the jury would have lacked the context in which to evaluate the victim's testimony about what otherwise appeared to be a gratuitous attack by the defendant.
Welch, 615 So.2d at 303.
The evidence of the Defendant's prior beatings of his wives was relevant to establish his intent; thus we find this assignment of error without merit.
The Defendant next contends that the trial court should have ruled upon his motion to reconsider sentence. At the conclusion of sentencing, counsel for the Defendant stated:
At this time, Your Honor, we would object to the Court's ruling and would file a Motion and Order for Appeal and Designation of the Record, and would also give oral notice to file a Motion to Reconsider the Sentence.
No written motion to reconsider sentence was ever filed, and the Defendant *709 did not orally urge any specific grounds for reconsideration of his sentence. Therefore, in accordance with La.Code Crim.P. art. 881.1(D), the Defendant is precluded herein from objecting to the sentence imposed.
Article 881.1(D) provides:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Accordingly, we will not review the Defendant's sentence.
We affirm the Defendant's conviction and sentence and instruct the trial court to inform the Defendant of the correct provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of these proceedings.
AFFIRMED.