NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-299

STATE OF LOUISIANA

VERSUS

REGINALD TERRENCE RAGLAND

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 81943
HONORABLE JOHN C. FORD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.

AFFIRMED.

**Asa Allen Skinner**
**District Attorney, 30th Judicial District Court**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Terry Wayne Lambright**
**Attorney at Law**
**118 S. Third St., Suite A**
**Leesville, LA 71446**
**(337) 239-6557**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Elvin Fontenot**
**Attorney At Law**
**110 East Texas Street**
**Leesville, LA 71446**
**(337) 239-2684**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Reginald Terrence Ragland**

**SAUNDERS, Judge.**

The Defendant, Reginald Terrence Ragland, was charged by bill of information filed on September 6, 2011, with aggravated second degree battery, a violation of La.R.S. 14:34.7.  Defendant entered a plea of not guilty on September 6, 2011.  Defendant withdrew his former plea on January 5, 2012, and entered a plea of guilty.  On March 13, 2012, Defendant was sentenced to serve eight years at hard labor and ordered to pay restitution in the amount of $27,371.49.

Defendant filed an application for post-conviction relief, wherein he sought an out-of-time appeal on February 21, 2013.  The trial court granted the application on November 19, 2013.  A motion for appeal was filed on November 27, 2013, and was granted on December 12, 2013.

Defendant is now before this court asserting one assignment of error.  Therein, he contends that the sentencing judge failed to articulate sufficient reasons to justify the sentence, failed to adequately consider mitigating factors, and failed to state what factors it took into consideration when it sentenced him.

## FACTS:

The State set forth the following factual basis at the time Defendant entered his guilty plea:

> [O]n June the 25th, 2011 in the Parish of Vernon, State of Louisiana, that this defendant committed an aggravated second degree battery upon Curtis Scott in some altercation that happened by using a piece of lumber to inflict serious bodily injury upon Mr. Curtis. . . . Mr. Curtis Scott sustained medical costs in the total amount of $29,757.49.

Photographs of the victim's injuries were submitted as State's Exhibit Number 2 at the time the plea was entered.  The photographs depict injuries to the victim's head.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENT OF ERROR:

In his only assignment of error, Defendant contends that the sentencing judge failed to articulate for the record sufficient reasons to justify the sentence, failed to adequately consider mitigating factors, and failed to state what factors it took into consideration when it sentenced him.

Defendant pled guilty to aggravated second degree battery, which is punishable by a fine of not more than ten thousand dollars or imprisonment, with or without hard labor, for not more than fifteen years, or both. La.R.S. 14:34.7(C). Defendant was sentenced to serve eight years at hard labor. (R. p. 32.)

The trial court made the following remarks prior to imposition of the sentence:

> The facts are that after arguing with a neighbor about something or other he - - this defendant struck or beat the victim with a 2 by 4 causing substantial injury. The guilty plea was taken January 5th, 2012. The plea agreement was to accept a plea as charged and not to seek a habitual offender enhancement. The Court considers the sentencing guidelines under 894.1, the pre-sentence report and its contents, the fact that this is this defendant's second felony offense. In fact, it's his second violent offense. . . .
>
> . . . .
>
> Very well. The Court feels that there's an undue risk during a period of suspended sentence or probation the defendant will commit another offense. A lesser sentence would deprecate the seriousness of this offense.

Defense counsel objected to the sentence.

Defendant contends the trial court's conclusion that there was an undue risk that he would commit another crime and a lesser sentence would deprecate the

2

seriousness of this offense is not supported by the record. Defendant also contends that the trial court's articulation of its reasons for the sentence imposed fall short of the requirements of La.Code Crim.P. art. 894.1 and an excessive sentence resulted.

At the time the sentence was imposed, defense counsel entered a general objection thereto, and no motion to reconsider sentence was filed. In *State v. Barling*, 00-1241, 00-1591, pp. 10-11 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1041-42, *writ denied*, 01-838 (La. 2/1/02), 808 So.3d 331, this court discussed the review of sentences as follows:

> The failure to timely file a written motion to reconsider sentence or to orally urge any specific ground for reconsideration at sentencing precludes a defendant from objecting to the sentence imposed. *State v. Moore*, 98–1423 (La.App. 3 Cir. 3/3/99); 734 So.2d 706. *See also State v. King*, 95–344 (La.App. 3 Cir. 10/4/95); 663 So.2d 307, *writ denied*, 95–2664 (La.3/15/96); 669 So.2d 433. La.Code Crim.P. art. 881.1 (emphasis added) serves as the basis for this restriction and provides, in pertinent part:

>> A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.

>> (2) The motion shall be oral at the time of sentencing or in writing thereafter *and shall set forth the specific grounds on which the motion is based*.

>> . . . .

>> D. Failure to make or file a motion to reconsider sentence *or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review*.

> In cases where courts have held that an oral objection alone is sufficient to preserve the issue for review, the oral objection contained the basis for the motion, such as excessiveness of sentence. *See State v. Caldwell*, 620 So.2d 859 (La.1993); *State v. Trahan*, 98–1442 (La.App. 4 Cir. 12/1/99); 752 So.2d 921. Therefore, since Defendant's oral motion did not set forth any specific grounds to support his claim of excessive sentences, we are relegated to a bare claim of

3

excessiveness. *State v. Mims*, 619 So.2d 1059 (La.1993), *after remand*, 626 So.2d 856 (La.App. 2 Cir.1993), *writ denied*, 93–2933 (La.2/11/94); 634 So.2d 373.

Because defense counsel entered a general objection in this matter, we find that this court is relegated to a bare claim of excessiveness.

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99–192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00–0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95–2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*Id.* at 1042-43 (alteration in original).

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Defendant struck a man in the head with a two by four causing significant injuries, as seen in the photographs and reflected in the medical bills submitted into evidence. Defendant was forty-six years old at the time he entered his plea and had a prior felony conviction for a violent offense.

In *State v. Lee*, 07-1404 (La.App. 3 Cir. 5/7/08) (unpublished opinion), the defendant got into an argument with the victim and cut him several times, inflicting severe wounds to his chest, arm, and back. This court affirmed the

defendant's eight-year sentence for aggravated second degree battery despite his status as a first offender.

In *State v. S.L.C.*, 08-252 (La.App. 3 Cir. 12/10/08) (unpublished opinion), the defendant beat his wife with a crutch, which bruised her ribs and cracked her elbow. This court affirmed the defendant's ten-year sentence for aggravated second degree battery despite his status as a first offender.

Based on Defendant's status as a second offender and the cases cited herein, we cannot say the Defendant's sentence is excessive. Accordingly, Defendant's sentence is affirmed.

**DECREE:**

Defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules-Courts of Appeal, Rule 2-16.3.