NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-96

STATE OF LOUISIANA

VERSUS

KWAN ANDERSON

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 102867-FB
HONORABLE CHUCK RANDALL WEST, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.


Trent Brignac
District Attorney, 13th JDC
Marcus L. Fontenot
Julhelene E. Jackson
Assistant District Attorneys
P. O. Drawer 780
Ville Platte, LA 70586
(337) 363-3438
COUNSEL FOR APPELLEE:
        State of Louisiana

**Chad M. Ikerd**
**Louisiana Appellate Project**
**P.O.Box 2125**
**Lafayette, LA 70502**
**(225) 806-2930**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Kwan Anderson**

**PICKETT, Judge.**

## FACTS

On March 10, 2015, the state filed a bill of information charging the defendant, Kwan Anderson, with obscenity, a violation of La.R.S. 14:106(A)(1). On August 3, the defendant pled guilty to the charge, and the district court ordered a pre-sentence investigation (PSI) report.[1] At the guilty plea hearing, it was simply stated that the defendant "exposed [him]self in a public place." On November 19, the court sentenced the defendant to a three-year term, the maximum for obscenity. On December 2, the court granted the defendant's motion for appeal. The next day, the defendant filed a pro se motion to reconsider sentence, arguing the sentence was excessive. The trial court signed a denial of the motion on December 11, without giving reasons.

The defendant now seeks review by this court, reiterating his argument that the sentence is excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant argues that the district court erred by sentencing him to the maximum term for obscenity when he is not the worst kind of offender. As noted earlier, the defendant did not file his pro se motion to reconsider until the day after his appeal was granted on December 2,

---

[1]Defendant also pled guilty to other charges under a separate docket number, but was allowed to withdraw that plea before the court sentenced him. The State agreed to dismiss the other charges.

2015. Once the appeal was granted, the district court lacked jurisdiction to rule on the motion to reconsider. La.Code Crim.P. art. 916. Thus, the defendant is arguably in the same procedural posture as if he had not filed the motion. We have found little analogous jurisprudence but note some language from an earlier opinion of this court:

> The trial court sentenced the Defendant September 1, 1998. At the sentencing, he did not orally urge specific grounds for reconsideration of his sentence. On March 2, 1999, he filed a written Motion [sic] to review sentence, and a contradictory hearing was held on March 16, 1999, in which the trial court denied the motion. At the time the motion to reconsider sentence was filed, the trial court had granted the appeal and had been divested of jurisdiction to consider the improperly filed motion. Thus, it properly denied the motion. *See* La.Code Crim.P. art. 916; *State v. King*, 95-344 (La.App. 3 Cir. 10/4/95); 663 So.2d 307, *writ denied*, 95-2664 (La.3/15/96); 669 So.2d 433. However, his written motion to reconsider sentence was untimely filed, as it exceeded the thirty-day period, allowed by La.Code Crim.P. art. 881.1, and the record does not reflect that the trial court set a longer period at sentencing for filing the motion. The Defendant's failure to make or file a timely motion to reconsider sentence precludes this court from reviewing, on appeal, its excessiveness or the failure of the trial court to comply with La.Code Crim.P. art. 894.1. La.Code Crim.P. art. 881.1; *King*, 663 So.2d 307.

*State v. Francis*, 99-208, p. 10 (La.App. 3 Cir. 10/6/99), 748 So.2d 484, 491, *writ denied*, 00-544 (La. 11/13/00), 773 So.2d 156.

Unlike the situation in *Francis*, the motion to reconsider in the present case would have otherwise been timely. Further, the *Francis* opinion appeared to preclude review due to the untimeliness of the motion rather than the jurisdictional issue. Thus, we will address the excessiveness claim made by the defendant.

The defendant cites *State v. Telsee*, 425 So.2d 1251, 1254 (La.1983), which explained, "[T]he maximum sentences will be reserved for the most egregious or blameworthy of offenders[.]" He also cites *State v. Badeaux*, 01-406, p. 8 (La.App. 5 Cir. 9/25/01), 798 So.2d 234, 239, *writ denied*, 01-2965 (La. 10/14/02),

2

827 So.2d 414, which stated, "Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged, and the worst type of offender." *See also State v. Bergeron*, 14-608 (La.App. 3 Cir. 11/5/14), 150 So.3d 523.

We are not able to conduct an analysis of whether the defendant is the worst kind of offender, due to the dearth of details in the record. At the sentencing hearing, the court stated:

**BY THE COURT:**

> All right I carefully studied the presentence report[,] the record of prior offenses, factors mitigation [sic] presented by the defendant. I have considered these matters as well as the nature of the present offense in light of the provisions of Article 894.1 and I make the following findings regarding your sentence. One you are a third felony offender, two you have not responded to probation in the past. Imprisonment must be imposed if there is an undo [sic] risk of commission of another crime if correctional treatment would be most effective in an institution and a lessor [sic] sentence would diminish the seriousness of your crime. I find that uh… a lessor sentence would in fact diminish the seriousness your crime in light of the fact that you are a third felony offender and have failed to respond to uh… probation in the past.

Thus, the facts of the offense were not set forth during sentencing. The guilty plea hearing also lacks details, as the district court stated only that "you exposed yourself in a public place." We requested the PSI, but the district court clerk's office replied that it was not entered into the record. Both the state and the defendant note the narrative from the police report in their briefs, but that material only appears in the appellate record as part of the response to discovery motions. Further, the record does not show that the actions detailed in the narrative were made part of the record at either the plea hearing or sentencing. In addition, police reports are generally inadmissible pursuant to La.Code Evid. art. 803(8)(b)(i).

Due to the lack of detail in the current record, we are remanding this matter for a new sentencing hearing. The district court is instructed to explain what makes the defendant the worst kind of offender, such that a maximum sentence is appropriate. The explanation should include the facts of the offense at issue. Also, the PSI should be entered into the record pursuant to La.Code Crim.P. art. 877(C), which states, "The presentence investigation report, edited to protect sources of confidential information, shall be made a part of the record if the defendant seeks post-conviction relief only on the grounds of an excessive sentence imposed by the court."

## CONCLUSION

For these reasons, the sentence imposed by the trial court is vacated. The case is remanded for resentencing. The district court is instructed to explain whether the defendant is the worst kind of offender and whether a maximum sentence is thus appropriate if it is imposed. *State v. Telsee*, 425 So.2d 1251 (La.1983), *State v. Bergeron*, 14-608 (La.App. 3 Cir. 11/5/14), 150 So.3d 523. The sentencing hearing should include some discussion or clarification of the facts of the offense. The presentence investigation (PSI) should be included in the record as required by La.Code Crim.P. art. 877(C).

**SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.

4