# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-538

STATE OF LOUISIANA

VERSUS

RUSSELL WADE COLE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 89549
HONORABLE SCOTT WESTERCHIL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**SENTENCE AFFIRMED.**

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
　　**Russell Wade Cole**

**Hon. Asa A. Skinner**
**Thirtieth Judical District Attorney**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**GREMILLION, Judge.**

Defendant, Russell Wade Cole, pleaded guilty to a charge of racketeering, a violation of La.R.S. 15:1353. This plea was accompanied by a recommendation from the State that Defendant be sentenced to fifteen years; in exchange, Defendant agreed to testify truthfully against his co-defendants and otherwise cooperate with the State. The State agreed to not proceed against Defendant civilly and to seek no asset forfeiture. The State also agreed that Defendant would not be indicted for any other crimes, other than murder, he admitted to while testifying. The trial court sentenced Defendant to twenty years at hard labor with credit for time served. Defendant filed a motion to reconsider his sentence, which was denied without hearing. Defendant now appeals his sentence, asserting two alleged errors: that his sentence of twenty years of imprisonment at hard labor is harsh and excessive, considering his cooperation in bringing down the largest methamphetamine distribution ring in the history of Vernon Parish and considering the State's sentencing recommendation of fifteen years. In his second assignment of error, Defendant contends that the trial court failed to comply with La.Code Crim.P. art. 894.1, failed to individualize this sentence to this offender and offense, and failed to adequately consider mitigating factors in this case. For the reasons that follow, Defendant's sentence is affirmed.

## ANALYSIS

Defendant was indicted on June 2, 2016, under the Louisiana Racketeering Act for racketeering activity that revolved around his participation in a methamphetamine distribution enterprise between February 1, 2015, and March 9, 2016, under the auspices of the Sinaloa Mexican drug cartel. This corresponded with a surge in methamphetamine availability in Vernon Parish that witnessed street prices plummet from $120.00 per gram to $60.00 per gram. The participants in the

racketeering enterprise were Defendant, Christopher Granado, Nathan Wayne Robertson, Carey Lynn White, Felisha Hernandez-Quezada, and twenty-two unindicted co-conspirators. Granado was the head of the organization and the main source and supplier of the Sinaloa methamphetamine. The racketeering offense was predicated on the laundering of proceeds collected and channeled through Granado and the illegal distribution of methamphetamine, violations of La.R.S. 14:230 and La.R.S. 40:967. Defendant became involved as a lower-level dealer, and, for the first few months of the enterprise, received methamphetamine from Robertson, who had been receiving methamphetamine directly from Granado. In November of 2015, Robertson was arrested for domestic abuse battery and incarcerated, and Defendant began receiving methamphetamine directly from Granado, taking over the distribution of the methamphetamine in Vernon Parish.

Following his arrest, as outlined above, Defendant entered into a plea agreement to actively cooperate with law enforcement authorities in exchange for testifying truthfully against Granado and Hernandez-Quezada. Defendant's cooperation was acknowledged by the State in a memorandum asking that Defendant be sentenced to fifteen years. Sheriff John S. "Sam" Craft of Vernon Parish wrote a letter on Defendant's behalf in which he indicated that Defendant had been employed at the sheriff's department's automotive shop during his incarceration and behaved "in a very courteous manner." The warden of the detention facility also wrote on Defendant's behalf, along with several other Vernon and Beauregard Parish residents.[1]

The trial court noted that Defendant's participation in methamphetamine distribution "carried a catastrophic effect on the substance abuse problem in Vernon

_____

[1] We note that many of the letters seem to have been penned by the same author, as they repeat verbatim many of the same phrases and concluding paragraphs.

Parish." Defendant's participation was initially low-level until Robertson's arrest, which Defendant capitalized on to move higher in the distribution chain. Defendant, the trial court noted, "organized meth selling operations in Vernon and Beauregard Parishes with plans to expand his operations in Calcasieu Parish in the future." Only "the combined efforts of the Vernon Parish Narcotics Task Force, the Louisiana State Police, the DEA, and other state and federal law enforcement agencies" brought Defendant to heel. The trial court also noted:

> The Court in this matter, in addition to what has been indicated earlier, will acknowledge that I have read the entire criminal file in this matter because I wasn't initially involved in this matter from the beginning. And I've reviewed the many statements that were taken during the investigation by co-defendants and other persons with personal knowledge of the inner workings of this organization. Those statements included statements by Nathan Robertson, Carey White, Jimmy Morgan, Robert Keen, Jr., David Dowden, Amanda Stewart, Shelly Clutter, Wilmer Stewart, Justin Williams, and Russel Cole. Of all the statements in the record, Mr. Cole was the most evasive and least forthcoming about the organization and his involvement. In fact, he attempted to portray his involvement in terms of receiving only ounces of drugs instead of the pounds of meth as described by the others mentioned giving statements. The record also reflects that it was only until Mr. Cole realized that there was no other light at the end of the tunnel and that he had to do something to help himself that his cooperation became significant and fruitful.

The trial court simply did not accept that Defendant genuinely acknowledged the seriousness of his crimes and felt that an extended period of probation would present "an undue risk" of recidivism. Defendant was sentenced to serve twenty years at hard labor.

Defendant filed a motion to reconsider his sentence in which he argued that his sentence was a deviation from the cooperation agreement, was inconsistent with the sentence given to others similarly situated, was excessive, and was based, at least partially, on evidence in dispute and about which the defense had no knowledge. This motion was denied without a hearing. This appeal ensued.

3

Defendant asserts that the trial court committed two errors that render his sentence illegal. First, he contends that the sentence of twenty years at hard labor is excessive in light of his cooperation with the State, along with the fact that the State recommended a sentence of fifteen years and in comparison to the sentences imposed on his co-defendants. Second, Defendant urges that the trial court failed to comply with La.Code Crim.P. art. 894.1, in that the sentence was not tailored to Defendant's case. Specifically, the trial court noted that methamphetamine consumption represents a serious problem in Vernon Parish and that most crime in Vernon Parish stems from methamphetamine addiction. This, Defendant argues, departs from the purpose of La.Code Crim.P. art. 894.1, which ensures that the sentence is individualized to the defendant and the offense.

On appellate review of an excessive-sentence claim, a panel of this court stated that:

> Both the United States and Louisiana constitutions guarantee that no person shall be subject to cruel and unusual punishment. U.S. Const. amend. VIII; La. Const. art. I, § 20. A sentence is excessive when a reviewing court finds that the penalty is "so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering." *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331. The trial court has broad sentencing discretion, and a sentence within statutory limits will not be set aside absent a manifest abuse of that discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-165 (La.6/30/00), 765 So.2d 1067. However, sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979).

> In reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La.6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Soileau*, 13-772, pp. 3-4 (La.App. 3 Cir. 2/12/14), 153 So.3d 1008, 1011, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.[2]

Defendant argues that the trial court ignored many mitigating factors and that the trial court punished Defendant for its view of the crime rather than individualizing the sentence to Defendant. Addressing his status within the distribution ring, Defendant notes that his role was more expansive for only a few months of the enterprise. Defendant received several letters of support from the community. He notes that the contents of the letters indicate that he is a hard-working man, committed to paying his debt to society, has the tools and motivation to return to the community and to his family, is a talented and skilled pipeline welder, has been a good provider to his wife and children, attends church, enjoys helping people, regrets his mistakes, and has demonstrated remorse, honest character, loyalty, and a strong work ethic. Defendant maintains that, in accordance with the warden's letter, he was one of the best trusties at the jail with no disciplinary problems. Defendant further contends that the trial court improperly fashioned his sentence by focusing on the its shock at a letter of support coming from the sheriff, and that the court improperly focused on its personal feelings about the methamphetamine problem in the parish, rather than what was appropriate for this particular offender

---

[2] The irony that Defendant argues, on the one hand, that his sentence should conform to the sentences imposed on others, and, on the other, that the sentence was not sufficiently individualized to his case, is not lost on the court.

5

and offense, rendering his sentence not individualized under La.Code Crim.P. art. 894.1. Further, Defendant has been sober for over a year, has begun rehabilitation, and is equipped to become a productive member of society now that he is not debilitated by addiction.

In his motion to reconsider the sentence, Defendant did raise the issue of his twenty-year sentence being a deviation from the cooperation agreement. His cooperation and the State's sentencing recommendation per the cooperation agreement are considered below. However, Defendant did not raise the other mitigating factors that he now alleges on appeal in his motion to reconsider the sentence; as such, the remainder of the mitigating circumstances raised by Defendant on appeal are not properly before this court. Under La.Code Crim.P. art. 881.1(E), the failure to make or timely file a motion to reconsider sentence or to include a specific ground for reconsideration precludes a defendant from raising an objection to the sentence or urging any ground not raised in the motion on appeal. *State v. Barling*, 00-1241, 00-1591 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331; *State v. Moore*, 98-1423 (La.App. 3 Cir. 3/3/99), 734 So.2d 706. *See also State v. King*, 95-344 (La.App. 3 Cir. 10/4/95), 663 So.2d 307, *writ denied*, 95-2664 (La. 3/15/96), 669 So.2d 433.

As stated earlier, Defendant contends that his sentence was not individualized, arguing that the trial court did not properly follow the guidelines in La.Code Crim.P. art. 894.1, and that the sentence was not tailored or individualized to this offender and this offense. Further, he argues that the trial court's comments concerning the seriousness of the methamphetamine problem and the trial court's statement that most of the crimes in the parish stemmed from methamphetamine addiction constituted personal feelings and did not demonstrate compliance with the purpose of La.Code Crim.P. art. 894.1, which is to ensure that the sentence is individualized

6

to the offender and the offense. Thus, he argues, the sentence is unconstitutional. Defendant did not raise these issues in his motion to reconsider the sentence. The issue of the trial court's compliance with the guidelines in La.Code Crim.P. art. 894.1 and the comments made by the trial court judge are not properly before this court.

Defendant entered his guilty plea to racketeering many months before he was sentenced. At the hearing, the trial court specifically and pointedly questioned Defendant whether he understood that the State merely recommended a sentence, but that the sentencing authority lay with the trial court, which is not bound by the State's recommendation. Defendant answered in the affirmative. The trial court is not bound by a recommendation by the State and "may pronounce any sentence it sees fit." *State v. Malbroux*, 485 So.2d 257, 259 (La.App. 3 Cir.), *writ denied*, 489 So.2d 1273 (1986).

Defendant argues that there was no sentencing parity between his sentence of twenty years and Nathan Robertson's sentence of twenty-five years with twelve years suspended, since he faces seven more years' incarceration than Robertson, in violation of La.Code Crim.P. art. 894.1. Defendant was sentenced to twenty years less than Granado. On the issue of sentencing parity between co-defendants, the third circuit has stated that:

> There is no requirement that co-defendants receive equal sentences. *See State v. Taylor*, 01–1638 (La.1/14/03), 838 So.2d 729, *cert. denied*, 540 U.S. 1103, 124 S.Ct. 1036, 157 L.Ed.2d 886 (2004); *State v. Rogers*, 405 So.2d 829 (La.1981). Notwithstanding, in *State v. Quimby*, 419 So.2d 951, 962 (La.1982), our supreme court stated:
>
>> This does not mean that disparity in sentences of co-defendants with similar backgrounds, charged with similar participation in identical crimes may not be considered as a factor in determining whether a sentence is excessive and out of proportion to the severity of a crime. It is only a factor to be considered along with all other appropriate considerations when there is no reasonable basis in the

record for the disparity. *State v. Sims*, 410 So.2d 1082 (La.1982).

"In providing a wide range of criminal sanctions for violations of a statute, the legislature obviously intends that the [trial court] shall exercise [its] sentencing discretion to impose sentences gradated according to the individualized circumstances of the offense and of the offender." *State v. Sepulvado*, 367 So.2d 762, 766 (La.1979). Indeed, the individualization of a sentence cannot be accomplished "without independently considering the merits of each case." *State v. Day*, 414 So.2d 349, 352 (La.1982). Simply stated, "[d]isparities are inherent in a system where punishment is tailored to fit the defendant and the crime." *Id.*

*State v. Prejean*, 10-480, pp. 4-5 (La.App. 3 Cir. 11/3/10), 50 So.3d 249, 253(alteration in original). The trial court found that Granado and Robertson were more forthcoming in their cooperation than Defendant. Additionally, Defendant was a second-felony offender and has a prior criminal record, including a history of methamphetamine distribution. Though Granado discussed his status as a first-felony offender in his 2018 appeal before this court and Robertson was arrested for domestic abuse in November of 2015, the methamphetamine distribution history of Robertson is largely unknown. *State v. Granado*, 18-485 (La.App. 3 Cir. 12/6/18), __ So.3d __. We conclude that he disparity between the sentences of Defendant, Robertson, and Granado is not problematic.

Defendant's sentence is not excessive. The record indicates that Defendant's offense stems from racketeering activity, specifically participation in a methamphetamine distribution enterprise, in violation of La.R.S. 15:1353, which carries a maximum sentence of fifty years at hard labor, a fine with a maximum amount of one million dollars, or both. La.R.S. 15:1354(A). Unquestionably, the Legislature intended to convey the serious nature of the offense by the severity of the punishment. Defendant's twenty-year sentence is a mid-range sentence for this offense. Defendant is a second felony offender, with a criminal history of methamphetamine distribution. At the time he pleaded guilty to the racketeering

8

charge, Defendant was awaiting sentencing for related methamphetamine distribution charges. Additionally, the State was seeking ten years for cooperating street-level dealers and the maximum penalty of fifty years for non-cooperating mid-level actors. Defendant did cooperate with the State, providing truthful and useful information, and, before he became a major participant and leader of the enterprise, he was a lower mid-level/street-level dealer.

Defendant's sentence is also comparable with other racketeering sentences. In *Granado*, __ So.3d __, this court upheld co-defendant Christopher Granado's sentence of forty years of imprisonment and a $50,000.00 fine plus court costs for racketeering. In *State v. Nagi*, 17-1257 (La.App. 1 Cir. 4/9/18) (unpublished opinion), the first circuit upheld consecutive sentences of thirty years of imprisonment at hard labor for racketeering and money laundering, violations of La.R.S. 15:1353 and La.R.S. 14:230, and fifteen years of imprisonment at hard labor for both distribution of synthetic cannabinoids and possession with intent to distribute synthetic cannabinoids, totaling ninety years of imprisonment. In *State v. Smith*, 16-406 (La.App. 5 Cir. 8/30/17), 227 So.3d 337, *writ denied*, 17-1643, 17-1660 (La. 9/14/18), 252 So.3d 481,482, the fifth circuit upheld a fifty-year sentence for the crime of racketeering, which is the maximum sentence for the crime, where the defendant was convicted of racketeering, conspiracy to distribute cocaine, and possession with intent to distribute cocaine.

That Defendant was far more than a street-dealer for several months is clearly demonstrated by the record; contrary to his assertions in his brief, he was the highest-ranking distributor of methamphetamine in Vernon Parish, working directly with the Sinaloa Mexican drug cartel between November 2015 and March 2016 and distributing methamphetamine to consumers and lower-level dealers for distribution

9

throughout Vernon Parish.  Defendant received a mid-range sentence of twenty years, which was imposed without a fine.

The trial court did not abuse its discretion when imposing a twenty-year sentence.  Defendant's two assignments of error are without merit.

## DECREE

Defendant's sentence of twenty years at hard labor for the crime of racketeering is affirmed.

**SENTENCE AFFIRMED.**